SHELDEN TOMLINSON *et al.*, Respondents, v. CHARLES J. LYNCH *et al.*, Appellants.

*Possession, adverse.*—The possession by a defendant, who has, by deeds and partitions, acknowledged the title of the plaintiff, cannot be considered adverse to such title.

*Pleading.*—An answer in ejectment which does not deny, admits the possession.

*Witness.*—The wife of one of the defendants is not a competent witness for the other defendants who have joined in the defence.

*Appeal from St. Louis Land Court.*

This is an action of ejectment, brought 28th January, 1860, by plaintiffs against defendants, to recover possession of two lots in Labadie's addition to the city of St. Louis.

The petition alleges that, on the 1st September, 1859, the plaintiffs were entitled to the possession of said premises ; and that, being so entitled, the defendants afterwards, on the same day, entered into such premises, and unlawfully withhold possession thereof from plaintiffs, to their damage, in the sum of five hundred dollars ; and alleges the monthly value of the rents at fifty dollars, and prays judgment for possession, damages, &c.

The defendants answered jointly, denying plaintiffs' right to possession ; the *unlawful* entry of defendants ; the unlawful withholding of possession, and the monthly value of the rents, as alleged.

They further allege that defendant, Salina Lynch, has had the quiet, peaceable and undisturbed possession of said lots of ground, and every part thereof, claiming title to the same, which possession has been adverse to all the world, and has continued uninterruptedly for more than ten years next before the commencement of this suit, and set up said possession as a bar.

On the trial, a mass of documentary evidence was introduced clearly establishing a legal paper title in the plaintiffs at and before the date of the alleged entry to an undivided four fifths of said lots.

It appeared in evidence that the defendant, Salina Lynch, was the widow, and Charles J. Lynch, George W. Lynch, and Henry C. Lynch, were the children of one James Lynch, who died prior to the year 1847, claiming an interest in said property ; and that certain parties claiming to be the heirs at law of Sylvester Labadie also claimed an interest in the same ; that, in the year 1847, after the death of James Lynch, his widow, and all his children, conveyed, by deed, to Louis Bogy, (who married one of the Labadie heirs,) an undivided

three fourths of certain property, embracing the property in dispute, and at the same time the Labadie heirs executed to George W. and Charles J. Lynch a deed for the undivided one fourth of the same.

These deeds were made by way of compromise between the two families of Lynch and Labadie.

Afterwards, on the 15th July, 1848, all the members of both families executed a deed of partition, by which the Labadie heirs conveyed to George and Charles Lynch the lots in dispute, and Salina Lynch and the Lynch heirs conveyed to Bogy certain other lots.

This deed recites that Salina Lynch and the other Lynches named therein, were the owners of one fourth (undivided) of the property named in said deed, and that the other parties named therein were the owners of the other three fourths; and that the conveyance of the Lynch interest to George and Charles was made at the request of all the Lynches; and that the conveyance of the Labadie interest to Bogy was done at the request of all the representatives of Labadie. This deed is executed by all parties.

It was proven by Bogy that this was done in pursuance of a family arrangement for the settlement of the title.

On the 31st of October, 1853, George and Charles conveyed an undivided one fifth of said lots to Henry C. Lynch.

In January, 1854, George and Charles conveyed an undivided one fifth of same to their sister Emma.

On the 21st February, 1853, they conveyed an undivided one fifth to George Knapp, trustee, in trust for Frederick J. Lynch, (a brother,) his wife and heirs.

There were five children of James Lynch—four sons and a daughter,—and thus by these conveyances the property was apportioned so that each had one fifth in fee, or in trust.

·On the 3d April, 1854, Charles conveyed all his interest to Henry.

On the 4th September, 1854, George, Henry, and Emma, representing four fifths (undivided) of the title, conveyed the same to trustees to secure debts.

Tomlinson v. Lynch.

A sale was had under this deed of trust, and the property bought by Tandy, to whom a deed was executed by the trustees; and on the 21st of January, 1859, Tandy conveyed to plaintiffs.

On the 19th of February, 1858, George Knapp, as trustee, joined with the beneficiaries in the deed of 21st February, 1853, in bringing, in the Land Court, a suit for partition, making all the Lynches defendants, and claiming an interest of one fifth (undivided) in the property, subject to the trusts. In this petition the rights and claims of the respective parties are set out with particularity.

The answer of Salina and others admits the title and interest set up by Knapp and others, under said deed; and the defendants set up no ground of defence, except that they are entitled to be indemnified, out of said one fifth interest, for the payment of certain encumbrances which they allege existed on the property and were paid by them.

Pending this partition suit, the plaintiffs acquired their title to the four fifths' interest, and on the 12th day of November, 1859, were admitted as parties upon the record, and filed an answer in the cause setting up their title and interest.

Afterwards, on the 27th of March, 1860, the partition suit being about to come to a hearing, and the Lynches desiring a continuance, as a condition to the consent of plaintiffs in said suit to the granting of a continuance, executed, under seal, a paper whereby they consented and agreed that, at the next, or any subsequent term of said court, they would withdraw their answer in said cause. By said agreement they expressly waived all matters of defence and relief set up in said answer, and consented and agreed that the facts stated in said petition should all be taken as true; and that at the next, or any subsequent term of said court, a decree might be entered according to the prayer of the petition.

On the 21st of January, 1859, George and Henry Lynch made affidavit that Tandy's title to four fifths of the property was clear and undisputed. This affidavit was objected to as

evidence by defendant Salina Lynch. The objection was overruled and she excepted.

· Defendant, Salina Lynch, then offered Mrs. George W. Lynch as a witness for Mrs. Salina Lynch, it being admitted that she was the wife of George W. Lynch, one of the defendants. Plaintiffs objected to her competency, because she was the wife of one of the defendants. Defendants' counsel then stated that he would withdraw the answer of George W. Lynch and Charles J. Lynch, with leave of court, for the purpose of qualifying the said Mrs. George W. Lynch and said George W. Lynch, and said Charles J. Lynch to testify in behalf of said Salina Lynch.

There was evidence upon the question of possession.

The following instructions were given for the plaintiffs, the defendants excepting:

1. In order to enable the defendant, Salina Lynch, to succeed in her plea of possession for ten years, she must prove to the satisfaction of the jury that she, and those under whom she claims, have had possession of the property in controversy ten years before the institution of this suit; and they must also believe from the evidence that such possession was an actual, continued, visible, notorious, distinct, exclusive, and unbroken possession in said Salina and those under whom she claims; and unless the jury believe from the evidence that such a possession did exist for ten years before the institution of this suit, they must find, as to this issue, for the plaintiffs.

2. If the jury find for the plaintiffs, they should find the quantity of interest in the land which the plaintiffs are entitled to recover; also, the amount of plaintiffs' damages for the rents and profits of said lots from the commencement of this suit to the time of trial; and they should also find the monthly value of the rents of the portion of the property which they find the plaintiffs entitled to recover.

3. If the jury believe that the various deeds read in evidence by the plaintiffs are genuine deeds, and that they describe the property mentioned in the plaintiffs' petition; and that defendant Finnegan, at the time of the commencement of this suit

was in possession of any part of said premises as tenant of said other defendants, or either of them; and that said deeds so read in evidence by the plaintiffs were executed at or near about the time they bear date; and that either the said George W. Lynch, Henry C. Lynch, or Charles J. Lynch, at any time within ten years of the commencement of this suit was in the actual possession of said property sued for by himself or tenants claiming the same, then the jury should find for the plaintiffs against all the defendants.

4. If the jury believe from the evidence that the defendants Charles J. Lynch, Henry C. Lynch, and George W. Lynch, are the sons of defendant Salina Lynch, and that they and defendent Salina executed the deed read in evidence, dated 15th July, 1848, and that the property described in the petition is a part of the property described in said deed as being conveyed to George W. Lynch and Charles J. Lynch, and that said Salina has, since the date of said deed, occupied and enjoyed the possession of said property by the consent and permission of her said sons, or either of them, then the possession of said Salina is not adverse to said George, Charles and Henry, but her possession is in submission to the title of said George and Charles, and their grantees; and if the jury further believe that the other deeds read in evidence by the plaintiffs are genuine deeds, and describe the property sued for, and that said Finnegan, at the time of bringing this suit, was in possession under said other defendants, or either of them, they should find for plaintiffs against all of the defendants.

5. The jury is instructed that the burden of proving the facts necessary to constitute a defence under the statute of limitations devolves upon the defendants, and that in the absence of such proof the law presumes the possession of land to be in the true owner, or under and in submission to the title and claim of the true owner; and if the jury believe from the evidence that the deeds read in evidence by the plaintiffs are genuine deeds, they should find for the plaintiffs, unless they believe that the defendants have proven the facts

necessary to establish their defence under the statute of limitations.

6. The jury is instructed that the defendants, by their answer, admit that they were in possession of the property sued for at the time mentioned in the petition.

Defendants' instructions, given:

1. The jury are instructed that any statements or acknowledgments made by any of the defendants, except Salina Lynch, will not bind or affect her interest in the property mentioned in plaintiffs' petition, unless she was present, or assented to such statements or acknowledgments; and that in considering this case such statements and acknowledgments will only be taken as evidence against the parties making them or assenting thereto.

2. The jury are instructed that by adverse possession of land, is meant a peaceable and uninterrupted possession, claiming to hold the land as the owner thereof against all other persons—not recognizing or admitting the claim of any other person as the owner thereof.

3. If the jury believe from the evidence that Salina Lynch, one of the defendants in this suit, has had possession of the lots in plaintiffs' petition mentioned, claiming them as her own, and receiving the rents of the buildings upon them, for ten years next preceding the commencement of this suit, and that such possession has been adverse to the plaintiffs and those under whom they claim, then the plaintiffs are not entitled to recover in this action, and the jury will find for the defendants.

Defendants instructions, refused:

1. If the jury believe from the evidence that the lots in plaintiffs' petition mentioned were held and claimed by James C. Lynch prior to his death, and that he had actual possession of them under a claim of title, and that such possession was continued to the time of his death, and that it was adverse to all the parties claiming any interest in said lots; and if they further believe from the evidence that the said defendant, Salina Lynch, was the wife of said James

C. Lynch, and that ever since his death she has claimed and held actual possession of said lots of land, either as her own in fee simple, or by virtue of her marriage to said James C. Lynch, and as his widow, and as her dower in his estate; and that such claim of dower interest in said lots was assented to by the heirs of said James C. Lynch within a short time after the death of said James C. Lynch; or that, by virtue of any arrangement or understanding between said Salina and the heirs of said James C. Lynch, certain lots of land, including the lots sued for in this action, were allotted to said Salina Lynch as and for her interest in the estate of said James C. Lynch, and the said Salina has had possession of said lots under said arrangement as her own, and has held possession thereof for more than ten years prior to the commencement of this suit as her own property, then the plaintiffs are not entitled to recover in this action, and they will find for the defendants.

2. The jury are instructed that the plaintiffs claim title under Dr. David C. Tandy, who claims under a deed of Lewis and Sanders, as trustees, under a deed of trust executed by some of the defendants. It devolves upon the plaintiffs to prove that one or more of the notes mentioned in said deed of trust was due and unpaid at the time of the sale under said deed of trust, and unless the jury believe from the evidence that such was the fact, they will find for the defendants.

3. If the jury believe from the evidence that the plaintiffs purchased the lots in controversy, and received a conveyance thereof from David C. Tandy, at the instance and request of the defendants, or either of them, upon an arrangement that they would advance for such purchase the amount of money to pay for said lands; and that the plaintiffs at the same time entered into an arrangement or agreement, in writing, with defendants, or either of them, to hold said property as a security for such advance, and to reconvey to said defendants, or either of them, upon being repaid such advance and interest thereon, then the deed to plaintiffs is in the nature of a mortgage, and the plaintiffs are not entitled to recover pos-

session of said lands in this action, nor until the equity of redemption in said defendants or defendant has been foreclosed by the proper proceeding, of which there is no evidence in the case.

4. The jury are instructed that, to entitle the plaintiffs to recover in this action, they must prove to the satisfaction of the jury that they were entitled to the possession of the lots of land in the plaintiffs' petition mentioned, or some portion thereof, at the date of the commencement of this suit, and that no other person or persons were entitled to the possession of the same; and if the jury believe from the evidence that the defendant, Salina Lynch, had had undisputed possession of said lots as the owner thereof for ten years prior to the commencement of this suit, then the plaintiffs are not entitled to recover.

The jury found for the plaintiffs for four fifths (undivided) of the property, and assessed plaintiffs' damages at $50; and found the monthly value of the rents of four fifths at $14, and entered judgment thereon.

A motion for a new trial was made by defendants and overruled, to which the defendants excepted, and the case is brought here by appeal.

*George P. Strong*, for appellants.

I. There was no proof that George, Henry, or Emma Lynch were in possession of the premises. Their answer does not admit the possession.

II. The instruction in relation to the possession of Salina Lynch was erroneous; that if she took possession of the premises with the consent of George and Charles Lynch, her possession would not be adverse to them, would make the possession of every grantee the possession of the grantor. If by the consent, or otherwise, of the children she took possession, and continuously held them, claiming them as her own, and admitting the claim of no other party, such possession was adverse to her children and all others.

III. The court should have given the instructions asked by

Salina Lynch. (R. C. 1855, p. 1045 ; Draper v. Schoot, 25 Mo. 197 ; Warfield v. Lindell, 30 Mo. 272.)

IV. The court erred in admitting the statement and affidavit of George and Henry Lynch to be read in evidence. The instruction that the evidence did not affect Mrs. Lynch does not cure the error.

*Currier*, with *W. N. Grover*, for respondents.

I. The statement of George and Henry Lynch was good as against them. It was not offered as evidence against Salina Lynch.

II. George Lynch and his wife were incompetent witnesses. The answer of all the defendants was joint. (Garnier v. Le-Beau, 30 Mo. 229 ; Schaeffer v. Kahlman, 25 Mo. 232 ; Benoist v. Sylvester, 26 Mo. 589 ; R. C. 1855, p. 1578.)

III. The answer admitted possession. It did not deny the entry of defendants, and set up a bar of ten years' possession by Salina Lynch. (R. C. 1855, p. 1232, § 12, and 1238, § 48 ; Sappington v. Jeffries, 15 Mo. 628 ; Engler v. Bate, 19 Mo. 543.)

BATES, Judge, delivered the opinion of the court.

This is an action of ejectment. The plaintiffs showed legal paper title to the premises ; and the defendant, Salina Lynch, claimed to have had ten years' possession, such as to bar the plaintiffs by the statute of limitations. The action was begun on the 28th of January, 1860. The only important question in the case is the inquiry whether Mrs. Salina Lynch's possession was *adverse* to the right of the plaintiffs. Her deed, made in 1848, and her participation in the partition suit began in 1858, demonstrate that she acknowledged the title which the plaintiffs have to be good ; and her possession therefore is not in denial of or adverse to it.

The answer by not denying, admitted the possession of all the defendants upon the premises, and therefore the judgment was properly rendered against all of them. The tes-

timony of the wife of George W. Lynch, one of the defendants, was properly excluded, because her husband was a party defendant, jointly liable with the other defendants, and the offer to withdraw the answer of her husband had no effect, as it was not carried out by an actual withdrawal.

Judgment affirmed. Judges Bay and Dryden concur.