## WEIL *v.* FINERAN.

### Opinion delivered February 24, 1906.

1. CONTRACT—RIGHT TO RECOVER ON QUANTUM MERUIT.—In a suit on a contract it was not error to refuse to permit plaintiff to recover upon a *quantum meruit*.  (Page 91.)

2. SAME—ACCRUAL OF RIGHT OF ACTION.—Where an attorney was employed to conduct litigation for his client for an agreed compensation, and given a written power of attorney to that effect, and such power of attorney was subsequently revoked, it was not error to instruct the jury, in a suit by the attorney to recover under the contract, that, if the revocation of the power of attorney was intended as a dismissal of plaintiff, he was entitled to sue at once on the contract.  (Page 92.)

3. FRAUD—BURDEN OF PROOF.—In a suit for breach of contract wherein the defense is that the contract was procured by misrepresentation or concealment of material facts amounting to fraud, the burden of establishing such matters of defense is upon the defendant.  (Page 92.)

4. ATTORNEY AND CLIENT—GOOD FAITH.—In dealings with their clients attorneys are required to exercise the utmost good faith, and to disclose to them all information in their possession as to the material facts of the case which might influence the clients in executing contracts with them.  (Page 92.)

5. DAMAGES—BREACH OF CONTRACT OF EMPLOYMENT.—Where an attorney is employed to render professional services, and holds himself ready to perform them, but is prevented by the client from doing so, the measure of his damages is the compensation agreed on, less such expenses as, in the natural course of things, he would have incurred in performing the services.  (Page 92.)

6. INSTRUCTION—INVASION OF JURY'S PROVINCE.—It was error, in a suit against a client by an attorney to recover a fee under contract, to instruct the jury that if defendant was induced to employ plaintiff by a false representation as to a certain matter they might find for defendant, the vice of the instruction consisting in giving prominence to the specific representation and treating it as material as matter of law.  (Page 92.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed.

Weil, an attorney, sued Mrs. Fineran, to recover for professional services rendered her.  His complaint contains two counts, substantially as follows:

"1.  On or about May 1, 1898, defendant employed him to perform for her services in his individual and professional capac-

ity whereby he would have earned, and she have become indebted to him in, the sum of $1,000; and thereafter defendant refused to permit him to perform his part of the said contract, and thereby he became damaged in the sum of $1,000.

"2. That defendant is justly indebted to him upon open account for services by him to her rendered and money for her use by him expended at her personal request of the reasonable value and agreed sum of $1,000."

Appellee denied all the material allegations.

Plaintiff, an attorney at Chicago, Ill., testified that a woman called Madam Blanche Roland, whose real name was Margaret J. Greenwood, died intestate in Pine Bluff, Ark., leaving a valuable estate; that he undertook, at the suggestion of one H. King White, of that city, to locate her heirs; that, after expending about $50 in the search, he located the defendant, who was one of the intestate's four children, and had an interview with her. The result of this interview was that on July 28, 1898, defendant agreed to pay plaintiff $100 and 20 per cent. of her interest in her mother's estate, and executed a written power of attorney, authorizing him to collect her share in her mother's estate. Subsequently plaintiff was notified that defendant had revoked the power of attorney which she had given him. Plaintiff estimated the property left by intestate to be worth $23,870.15.

The defendant testified that she had an interview with the plaintiff; that he told her that her mother had died in Little Rock, leaving an estate; that she asked him what her mother was doing in Little Rock, and he replied that she was running a boarding house; that plaintiff then told her that he had been put to so much trouble and expense that he thought she ought to employ him as her attorney; that she stated that she did not know him, and would prefer to go to her own attorney. He then told her that he had been acting at the instance of the attorney of her mother's estate, and that thereupon she said: "All right."

It seems to be conceded that intestate, at the time of her death at Pine Bluff, was conducting a house of ill-fame.

The court instructed the jury as follows:

"2. If you find from a preponderance of the evidence that defendant did enter into a contract with plaintiff to pay him the sums of money expended by him in finding her, and a

$100 fee for his services in that connection, and the further sum of 20 per cent. of any share of her mother's estate which he might recover for her, and if you further find that said contract was made in good faith, and not procured by fraud, misrepresentation or concealment of material facts on the part of the plaintiff, and that afterwards the defendant revoked the power of attorney executed by her to plaintiff, then it is for you to say whether such revocation was intended by her and understood by him as dismissing him from the case, and denying him the right to proceed and carry out his part of the contract; if you should find that it was so intended and so understood by both parties, then you should find for plaintiff such sum in damages as you believe he is entitled to recover under the other instructions given herein.

"3. If you find that the agreement about which plaintiff testified was voluntarily entered into by the defendant, then the burden of showing that her consent to the same was procured by misrepresentation or concealment of material facts amounting to a fraud is upon the defendant.

"4. The burden is on the plaintiff to show by a preponderance of the evidence that the defendant entered into the contract with him on which this action is based and for the breach of which he asks for damages.

"5. Attorneys, in dealing with their clients, are required to exercise the highest order of good faith and to disclose to them all information in their possession as to the material facts of the case which would or might influence the client in entering into or refusing to execute the contract in the issue.

"6. The court instructs the jury, if they believe from the evidence that the plaintiff is entitled to recover, the measure of damages is the amount of money he would have received had he been allowed to complete the performance of his contract, less the value of such services as he would have been required to render, and also deducting any expense which he would have been compelled to incur in carrying out the contract on his part.

"7. If the jury find from the evidence that the defendant, Mrs. Fineran, was induced to enter into the contract of employment with the plaintiff, under statements made by the plaintiff at the time or immediately preceding the making of the same, in

which he falsely magnified the amount of work, labor and expense necessary to accomplish the purposes, or by any other false representation about the place of the death of Margaret J. Greenwood, or that he falsely represented to her that it was the wish of the attorneys of her mother's estate that she should sign or enter into such contract, or that he falsely represented to her any other material fact or concealed from her any information of which he had knowledge which would have aided her in determining as to whether or not such a contract was just or equitable, then the defendant had the right, upon the discovery of such misrepresentations being false, or that important information about the estate had been concealed or was not disclosed, to repudiate the contract, and she is not liable under the same, and the jury will so find."

There was a verdict for defendant. Plaintiff filed a motion for new trial, assigning the following errors:

"1. Because the court erred in refusing to allow plaintiff's counsel to propound to him, while upon the stand, the following question, and him to answer the same:

" 'I will ask you as an attorney, taking into consideration all that you have testified to as to the services you rendered and were performed by you, and considering the value of the estate, and what you did until the time she revoked the power of attorney—now tell the jury what your services were worth.'

"2. Because the court erred in refusing to allow plaintiff's counsel to propound to him, while upon the stand, the following question, and him to answer the same:

" 'Now, Mr. Weil, I will ask you the same question that I propounded to you, leaving out reference to the estate; now state to the jury what the value of your services were worth?'

"3. Because the court erred in refusing to allow plaintiff's counsel to propound to him, while upon the stand, the following question, and him to answer the same:

"Q. 'If that property is renting for $1,800, what would be its value, say, upon the idea that money is worth 10 per cent., or 8 per cent., what would it be paying?'

"4. Because the court erred in refusing to allow plaintiff's counsel to propound to him, while upon the stand, the following question, and him to answer the same:

"Q. 'Now, include that property at, say, a valuation of $9,000, put it back in the inventory where it is excluded; what would be the valuation of the estate?'

"5. Because the court erred in its theory in the trial of this cause in not allowing the question to be submitted to the jury as to the value of the services rendered by the plaintiff to the defendant.

"6. Because the court erred in giving instructions 2, 3, 4, 5, 6 and 7, in charge to the jury over the objection of plaintiff."

The motion for new trial was overruled. Plaintiff has appealed.

*Irving Reinberger* and *Taylor & Jones* for appellant.

1. Appellant was entitled to recover on a *quantum meruit*. 70 Ark. 509.

2. The court erred in its instruction No. 7. Defendant having received her first information of the estate and of the death of her mother from plaintiff, it was immaterial where the mother died.

*White & Altheimer,* for appellee.

This case was decided on first appeal on a state of facts different from the present record. 70 Ark. 509.

1. Appellant having sued, not to recover on a *quantum meruit,* but for breach of contract and employment, the measure of damages was the amount he would have received had he been permitted to carry out the contract, less the value of services he would have been required to render, and what it would have cost him, to complete the contract. 33 Ark. 545.

2. Correct information as to the place of death of the mother was material to the appellee, to enable her to investigate and protect her interests. Appellant's failure to give such information was a breach of the duty owing from attorney to client. 33 Ark. 456; 66 Ark. 195; 73 Ark. 575.

WOOD, J. This is the second appeal. *Weil* v. *Fineran,* 70 Ark. 509. On the first appeal the only question presented was whether the trial court erred in dismissing the action for the alleged reason that it was prematurely brought. On that appeal we held that the suit was not prematurely brought, and that the lower court erred in dismissing the action. The court

did not err in treating the action as a suit for breach of the contract, and in refusing to permit appellant to recover on a *quantum meruit.* Appellant had not elected to treat the contract as rescinded, but, on the contrary, his complaint shows that he was suing for a breach of the contract, and he was asking for damages accordingly. True, we said on the former appeal: "The appellant sued for breach of contract. He was entitled to recover on a *quantum meruit."* This clause, "He was entitled to recover on a *quantum meruit,"* doubtless misled the learned counsel for appellant to contend below and urge here that appellant should be allowed to recover for the value of his services rendered appellee. But the clause mentioned was an *obiter dictum,* as the issue presented on the former appeal clearly shows. In the present trial the lower court apprehended the issue.

No error in the court's rulings is presented by assignments of error 1, 2, 3, 4 and 5 of the motion for new trial. We find no error in the giving of the instructions numbered 2, 3, 4 and 5. The instructions properly presented the law applicable to the issue and the facts in evidence. The court erred, however, in giving instruction No. 6 as to measure of damages. *Brodie* v. *Watkins,* 33 Ark. 545. See also, *Van Winkle* v. *Satterfield,* 58 Ark. 621, on the issue of the breach of contract and the measure of damages therefor. See *Brodie* v. *Watkins, supra,* and *Webber* v. *Davis,* 66 Ark. 195, and *Thweatt* v. *Freeman,* 73 Ark. 575, on the question of the duty of good faith from the attorney to his client.

The court erred, also, in giving instruction 7 at the request of appellee. That instruction was objectionable in telling the jury that, if Mrs. Fineran was induced to enter into the contract with Weil by the "false representation about the place of the death of Margaret J. Greenwood," they might find in favor of appellee. There is nothing in the record to warrant the conclusion that appellee was induced to enter the contract on account of a false representation by appellant of the place of the death of appellee's mother, Mrs. Greenwood. Under the undisputed facts of the record, such a representation was wholly immaterial, and could not have been an inducement for entering upon the contract. There is nothing to show that appellee acted upon such representation, that she was led by it into a course of conduct that she otherwise would not have pursued, and that was prejudicial to her

interests. It is not shown that she was deceived by it, and prevented from getting information that she otherwise might have obtained that would have been beneficial to her interests. On the contrary, the undisputed evidence shows that appellee received the first information of her mother's death and of her own status with reference to the estate from the appellant. Therefore, we do not see from this record how it was material whether appellee's mother died in Pine Bluff or Little Rock. But, if it was material, appellee does not show how it was material, and how she was prejudiced by it. Yet the court treats this specific and particular representation as material in the case. The court points it out, and tells the jury that if it was false and induced the contract appellee was not liable. The instruction in this respect, we think, was highly prejudicial, because the jury may have found in favor of appellant on other alleged matters of false representation, about which there was a conflict in the evidence, and found in favor of appellee upon this one. The vice of the instruction is in giving prominence to this specific representation, and treating it as material to the contract, when there is no proof to show that it was. The question is not even submitted to the jury as to whether it was a material representation or not. The court assumes that it was.

For these errors the judgment must be reversed, and the cause remanded for new trial.