CHRISTIAN & TAYLOR v. FANCHER.

Opinion delivered December 12, 1921.

1. CONTRACTS—ISSUES, PROOF AND VARIANCE.—Where there is an express contract for services at a fixed compensation, there can be no recovery on a *quantum meruit.*

2. WITNESSES—WIFE TESTIFYING FOR HUSBAND.—Act 159 of 1915 and act 66 of 1919 have not changed the status of the married woman so as to render her competent to testify in her husband's behalf.

3. APPEAL AND ERROR—HARMLESS ERROR.—Incompetent testimony cannot be said to be harmless where it tends strongly to sustain the defense and the evidence was conflicting.

4. WITNESSES—WIFE OF PARTNER.—In an action against two partners jointly liable, the spouse of neither partner was competent as a witness on behalf of the defendants, in the absence of any showing that she was acting as an agent in regard to the matters about which she was offered as a witness.

Appeal from Boone Circuit Court, *J. M. Shinn,* Judge; reversed.

*Shouse & Rowland,* for appellants.

The court erred in excluding testimony as to the reasonable value of the services of appellants and in refusing to give the instruction on the subject of reasonable compensation requested by them. 98 S. W. 943; 102 S. W. 721; 224 Fed. 892.

It was prejudicial error to permit the wife of appellee Fancher to testify. Neither husband nor wife may testify for or against the other. C. & M. Dig., § 4146; 29 Ark. 603. The wife of one defendant may not testify on behalf of a co-defendant, if her testimony, in its effect, goes to the interest of both defendants. 28 R. C. L. "Witness," §§ 64-72. This court's opinion in the Comstock case, 146 Ark. 266, does not touch upon the competency of a wife as witness for her husband, neither do the acts enfranchising women, act 159, Acts 1915, and act 66, Acts 1919, change or modify the rule for the production of evidence in suits between third parties and the husband or wife. *Witham* v. *State,* 149 Ark. 324.

*Sam Williams,* for appellees.

The court did not err in restricting appellants to their count on the contract. Where there is an express contract for services at a fixed compensation, there can be no recovery on a *quantum meruit.* 143 Ark. 446; 78 *Id.* 87; 85 *Id.* 425; 7 *Id.* 321. The terms of the express contract as alleged by appellee exclude the arising of any such implied contract as could form the basis of a claim upon a *quantum meruit.* "Work & Labor," Dec. Dig. No. 9; Cent. Dig. No. 23-33. The question as to the terms of the contract was properly submitted to the jury, and it is the jury's province to pass upon the weight of the evidence. 85 Ark. 425; 87 *Id.* 321. Mrs. Fancher's testimony, if erroneously admitted, was harmless. It did not touch upon the vital question in the case—the terms of the contract.

SMITH, J. Appellants are real estate brokers, doing business under the partnership name of Christian & Taylor, and they brought this suit against appellees to recover a commission alleged to be due upon the sale of a farm owned by appellees as tenants in common. According to appellants, the farm had been listed with them for sale for some months at $5,000, for an agreed commission of five per cent. But, shortly before the land was sold, appellees offered appellants, as a special inducement to effect an immediate sale, all over $5,000 which they might obtain for the farm, so that, according to appellants, their contract with appellees entitled them to retain as commission all over $5,000 for which the land was sold, and a commission of five per cent. if the land sold for only $5,000.

The farm was sold for 5,000, and appellants sued originally for a five per cent. commission on that sum. Their complaint has since been amended asking compensation *quantum meruit.* Appellants introduced testimony in support of their contention, and offered testimony showing the value of the services rendered by them in making the sale, but the court excluded all testimony as to the value of the services.

Appellees admit the execution of a contract, but contend that appellants were to look to all the purchase price in excess of $5,000 for their compensation, with the condition that in the event a purchaser should be procured who would not give more than $5,000 the sale should be made.and the appellants would make no demand for compensation; that, in consideration of the opportunity to make the excess over $5,000, appellants conceded to appellees the privilege of selling their land for $5,000 in the event the prospective purchaser would not give more.

The only instruction set out in the briefs is one which stated the issues between the parties. It is insisted that error was committed in giving, and in refusing to give, other instructions; but, as these instructions are not set out, we assume that no error was committed in giving or in refusing instructions.

Under the issue joined the court did not err in refusing to admit testimony showing the value of appellants' services. Without reference to the value of the services, they were either entitled to five per cent, of the sale price of the land, or they were not entitled to anything. Where there is an express contract for services at a fixed compensation, there can be no recovery *quantum meruit*. *Bayou Meto Drainage Dist.* v. *Chapline,* 143 Ark. 446; *Weil* v. *Fineran,* 78 Ark. 87.

Over the objection of appellants, the court permitted Mrs. Dotson Fancher, wife of one of the appellees, to state the details of a conversation between herself and appellant, Christian, which occurred while the prospective purchaser, who subsequently bought the land, was at her house looking over the premises. She testified that she expressed the opinion to appellant, Christian, that the prospective purchaser would not give $6,000, and that Christian said: ''We have the man on the ground; before we will miss a deal, we will take the $5,-000, regardless of my commission.'' Mrs. Fancher immediately reported this conversation to her husband.

Objection was made to this testimony, and in overruling the objection the court said: "The Supreme Court passed on that in November, and held that the act enfranchising women takes away their disabilities entirely, and that a woman can testify just the same as a man can testify. The decision was rendered in November some time."

The case referred to by the court is that of *Comstock* v. *Comstock,* decided November 29, 1920, and reported in 146 Ark. 266. That the court misapprehended the effect of that decision is shown by the opinion of this court in the case of *Witham* v. *State,* 149 Ark., 324, where we said: "It was ruled in the case of *Comstock* v. *Comstock,* (146 Ark. 266), that act 159 of 1915 and act 66 of 1919 changed the status of married women so as to render husband and wife competent as witnesses for or against each other in suits between themselves. There is nothing, however, in the opinion in the case of *Comstock* v. *Comstock, supra,* nor in either statute, changing or modifying the rule for the production of evidence in suits between third parties and either one of them."

Appellees' first insistence, in defense of the ruling of the court in admitting the testimony of Mrs. Fancher, is that it was not prejudicial. This cannot be true—if the testimony is incompetent—because it tended strongly to sustain appellees' defense; in fact, it proved the defense, if accepted as true, which the jury may have done.

A second defense of the court's ruling is that appellants are estopped to deny appellee's right to this testimony as Christian conveyed this information to appellees through Mrs. Fancher. This cannot be true because Mrs. Fancher was in no sense an agent, and there is no element of estoppel in the case.

The admission of this testimony is not to be held harmless upon the ground that it was competent for some purpose and that no request was made to limit its

use to this competent purpose. *K. C. S. R. Co.* v. *Leslie*, 112 Ark. 305; *Little Rock Gas & Fuel Co.* v. *Coppedge*, 116 Ark. 334.

The testimony was not competent for any purpose. The right of recovery—if such right existed—was a joint one, inuring to the partnership of which Christian was a member, and the liability of appellees—if they are liable—was also joint, and if the liability were established and reduced to judgment, satisfaction of the whole judgment could be had against either of the appellees. 28 R. C. L., title Witnesses, sec. 72; *Dovey* v. *Lam*, 4 A. & E. Ann. Cases 16; *Walker* v. *Steels*, 121 Ind. 436; *Arn* v. *Mathews*, 39 Kan. 272; *Tomlinson* v. *Lynch*, 32 Mo. 160; *Craig* v. *Kittredge*, 20 N. H. 169; *Stewart* v. *Stewart*, 41 Wis. 624; *Bartlett* v. *Clough*, 94 Wis. 196.

For the error in admitting the testimony of Mrs. Fancher the judgment will be reversed, and the cause remanded for a new trial.