BAILEY *v.* FENTER.

Opinion delivered April 16, 1928.

1. WORK AND LABOR—INDEBTEDNESS FOR SERVICES RENDERED.—In an action to recover for services rendered, in which proof showed the performance of services for which plaintiff had not been paid, the question as to the existence and amount of the indebtedness was for the jury.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict supported by substantial evidence is conclusive on appeal.

3. WORK AND LABOR—RECOVERY ON QUANTUM MERUIT.—In an action on an express contract to recover for services rendered, an instruction authorizing recovery on a *quantum meruit* in case the jury found there was no express contract was warranted where both parties, without objection, introduced testimony tending to show the value of the services performed.

4. PLEADING—FAILURE TO FILE AFFIDAVIT TO ACCOUNT.—A complaint in an action on a contract for services rendered, which states the cause of action, is not demurrable under Crawford & Moses' Dig., §§ 1187, 1189, though plaintiff failed to file an affidavit to establish the account sued on as required by § 4200.

5. WORK AND LABOR—PRESUMPTION OF PROMISE TO PAY.—Where one accepts the services of another, the law implies a previous request and a subsequent promise to pay.

Appeal from Union Circuit Court, Second Division; *W. A. Speer,* Judge; affirmed.

*John E. Harris,* for appellant.

*T. O. Abbott,* for appellee.

MEHAFFY, J.   The plaintiff, appellee here, on June 15, 1926, filed suit in the Union Circuit Court against the defendant, J. E. Bailey, alleging that the defendant was indebted to him for services in the sum of $868, with interest from January 1, 1924.

Defendant filed answer, denying the material allegations of the complaint, and, some time thereafter, filed a demurrer to the complaint, alleging as grounds therefor: "The complaint fails to have attached thereto as an exhibit an itemized statement of the account sued upon, and fails to have a sufficient account sued upon incorporated in said complaint."

The court overruled the demurrer, and defendant saved exceptions. After the overruling of the demurrer both parties announced ready for trial, a jury was impaneled, and, after hearing the evidence and the instructions of the court, returned a verdict for plaintiff in the sum of $500, and judgment was entered for that amount.

Defendant filed motion for new trial, which was overruled, exceptions saved, and this appeal is prosecuted to reverse said judgment.

The appellant urges a reversal on three grounds. First, that the court erred in refusing to give defendant's instruction No. 1, which instructed the jury to find for the defendant; second, because the court erred in giving the court's instruction upon the question of *quantum meruit;* and third, because the court erred in overruling defendant's demurrer to the complaint.

Appellant first insists that the court erred in refusing to give the peremptory instruction requested by him. Appellant does not mention this question in his motion for a new trial. He does, however, state in his motion for a new trial that the verdict is contrary to the evidence and contrary to both the law and the evidence. If the evidence was not sufficient to support the verdict, of course it would have been the duty of the court to direct a verdict for the defendant. But the proof is undisputed that plaintiff performed services for the defendant for which he had not been paid. The defendant himself testified that he did not have any agreement with Fenter at any time during 1923 to pay him $200 a month; that what he owed Bailey and what the Bailey-Murray Oil Company owed him was paid jointly, $75 during the month of August. He said also that Fenter might have had a little more work to do if he ordered feedstuff, although that was not his business. And although the defendant testifies that Fenter never mentioned any balance that he was claiming, and never told him that he was going to charge him $225 a month, or $200 a month, and testified that nothing was said about $200 a month, and that Fenter told him that if he would see that he got his room rent and a little eating money he would take care of his books, if witness could pay him a little bit, and witness testified that he told him he would do his best, but he did not know whether he could or not. Defendant also admitted writing a letter and testified that he gave Fenter authority to act for him in trying to save his property; that it would take very little of his time; and the plaintiff testified very positively about doing the work.

Whether Bailey owed Fenter anything at all, and, if he did, the amount of the indebtedness, were both questions of fact for the jury, and there was substantial evidence to support the verdict of the jury, and the verdict is conclusive on this court.

Counsel for appellant argue that, according to defendant's statement, he had paid all that he owed plaintiff at the rate of $75 per month, and that, at the filing of the suit, he would not have owed him anything. However, he also testifies that he did some work, and it was a question for the jury to determine how much.

It is next insisted by appellant that, if Fenter is entitled to anything at all, he is entitled to recover what he sued for, and not entitled to recover on a *quantum meruit* basis. Appellant relies on the case of *Bayou Meto Drainage Dist.* v. *Chapline,* 143 Ark. 446, 220 S. W. 807, and quotes from that case as follows: ''Where there is no agreement as to a stipulated sum for the fee in the employment of an attorney, then the attorney can recover for services rendered upon *quantum meruit.''* In that case it was contended on the part of the plaintiffs that there was an agreement for the customary fee. However, there was a controversy about what the contract was, just as there is in this case, and both parties introduced testimony for the purpose of showing the value of the services. There is in this case proof of employment to perform services, but no evidence to show an agreement as to the amount to be paid for the services. It is true that plaintiff alleged in his complaint that there was a contract for $200 a month, and it appears that, in the absence of defendant, the plaintiff, who kept the books, had charged the defendant with $200 a month. He did not, however, testify that the defendant agreed to pay this amount, but he did testify that defendant, in effect, said that he would make it all right. In other words, pay him what his services were worth. And again, although the plaintiff alleged a contract and the defendant denied it, evidence was admitted without objec-

tion tending to show the value of the services performed. The defendant himself introduced evidence tending to show that there was very little work to be done; that it would take only a very short time each day to do all that plaintiff was required to do, and, of course, if he had been contending that there was a contract or relying on the fact that defendant's suit was based on an express contract, testimony of the value of his services would have been inadmissible. That is, if he had a right to recover on an express contract fixing a definite amount, the contract would, of course, govern as to the amount of recovery, and testimony as to the actual value of the services would be inadmissible.

The court in discussing this question said:

"Under the issue joined the court did not err in refusing to admit testimony showing the value of appellants' services. Without reference to the value of the services, they were either entitled to five per cent. of the sale price of the land, or they were not entitled to anything. Where there is an express contract for services at a fixed compensation, there can be no recovery *quantum meruit.*" *Christian & Taylor* v. *Fancher,* 151 Ark. 102, 235 S. W. 397.

In the case of *Bayou Meto Drainage Dist.* v. *Chapline,* referred to by appellant, the court said:

"The appellants answered, denying all the material allegations of the complaint except the employment of the appellees by the appellants. They set out in their answer that appellants had refused to pay the appellees because these fees were unreasonable and greatly in excess of the fee for which the appellants contracted with the appellees. * * * Moreover, under the undisputed evidence in this case, the commissioners did not fix the fee of the appellees until after the services which they had been employed to render had all been performed. The compensation for their services was fixed by the board at the time they were discharged, not when they were employed. The preponderance of the evidence

shows that the appellees were employed and that the compensation to be paid for their services was not stipulated in advance. The appellees are therefore entitled to recover upon *quantum meruit.*"

In the case last cited the defendants stated in their pleadings and in their evidence that there was an express contract fixing the amount. The appellees denied this. In the case at bar the plaintiff in his complaint stated that he was entitled to so much under the contract, but the evidence on the part of both the plaintiff and defendant was admitted without objection as to the character and amount of services performed. And the defendant in the instant case contends that the contract was for $75 a month. It is true that the plaintiff said that he was suing on a contract, but in the Bayou Meto Drainage District case the suit was on a contract, the defendants claiming that the amount was fixed, and the plaintiffs claiming that it was to be the customary amount.

We think the court did not err in giving instruction No. 2, which authorized a recovery if the jury found for the plaintiff in whatever sum the evidence showed would be reasonable for the services performed, if they did not find that there was a contract fixing the amount.

It is next insisted that the court erred in overruling defendant's demurrer. This contention is based on § 4200 of Crawford & Moses' Digest. That section provides as follows:

"In suits upon accounts, the affidavit of the plaintiff, duly taken and certified according to law that such account is just and correct, shall be sufficient to establish the same, unless the defendant shall, under oath, deny the correctness of the account, either in whole or in part; in which case the plaintiff shall be held to prove such part of his account as is thus denied by other evidence."

It will be observed that this section only provides that, when this section is complied with, this shall be sufficient to establish the same, etc., but it does not require the plaintiff to file the affidavit, and, if a complaint states

a cause of action, the mere fact that the affidavit provided for in the section referred to is not filed would not justify the court in sustaining a demurrer to the complaint.

Section 1187 of Crawford & Moses' Digest provides:

"The complaint must contain: (1) The style of the court in which the action is brought. (2) The style of the action, consisting of the names of all the parties thereto, distinguishing them as plaintiffs and defendants, followed by the words, 'complaint at law,' if the proceedings are at law, and by the words 'complaint in equity,' if the proceedings are equitable. (3) A statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action. (4) A demand of the relief to which the plaintiff considers himself entitled."

A complaint for work or labor or services that complies with § 1187, above quoted, states a cause of action.

Section 1189 provides that the defendant may demur to the complaint where it appears on its face:

"(1) That the court has no jurisdiction of the person of the defendant, or the subject of the action; or, (2) that the plaintiff has not legal capacity to sue; or, (3) that there is another action pending between the same parties for the same cause; or, (4) that there is a defect of parties plaintiff or defendant; or, (5) that the complaint does not state facts sufficient to constitute a cause of action."

The complaint in this case states facts sufficient to constitute a cause of action, and the court properly overruled the demurrer.

But where one accepts the services of another the law implies a previous request and a subsequent promise. It was said by this court: "We are of the opinion that the court erred in its instructions to the jury. It is an elementary principle of the law of contracts that, where a party accepts the beneficial results of another's services, the law implies a previous request and a sub-

·sequent promise.'' *Nissen* v. *Flournoy*, 160 Ark. 311, 254 S. W. 540.

The verdict of the jury is not without substantial evidence to support it, and the case is therefore affirmed.