LUCY F. SCUDDER, APPELLEE, v. MOSES W. SARGENT, APPELLANT, AND JOHN G. ELLINWOOD, APPELLEE.

1. **Purchaser pendente lite.** A purchaser of land under a judgment subsequently opened, as provided in sec. 82 of the code of civil procedure, is not a purchaser *pendente lite*, although he make his purchase after the motion to open the judgment is filed, and notice thereof given to the plaintiff.

2. ――――. Under this section an action cannot properly be said to be pending between the rendition and opening of the judgment.

APPEAL from the district court of Lancaster county. The plaintiff had judgment before POUND, J., in the district court of Cass county on the 21st day of November, 1879, declaring the title to the north half of the northwest quarter of section 30, in township 11 north, of range 9 east in Cass county to be in her, and that defendant Sargent had no interest therein. On the 7th day of January, 1880, Sargent by his attorneys served a notice on plaintiff of a motion to open the said judgment under sec. 82 of the civil code. On the 31st day of January, 1880, plaintiff conveyed the land to Ellinwood. At the April term, 1880, the motion of Sargent to open the judgment was sustained and he let in to defend. Ellinwood was admitted as a defendant, the cause taken on change of venue to Lancaster county, and on a trial at the May term, 1883, in that county, judgment was entered in favor of Ellinwood. Sargent appeals.

*Brown & Ryan Bros.,* for appellant Sargent, on the subject of *lis pendens,* cited: *Bennett's Lessees v. Williams,* 5 Ohio, 462. *Harman v. Byram,* 11 W. Va., 511. *American Exchange Bank v. Andrews,* 12 Heisk, 306. *Steele v. Taylor,* 1 Minn., 274. *Watson v. Wilson,* 2 Dana (Ky.), 410. *Dresser v. Wood,* 15 Kan., 344. *Rider v. Kelso,* 53 Iowa, 367. *Center v. Bank,* 22 Ala., 743 and 757. *Allen v. Poole,* 53 Miss., 333. Sugden on Vendors, 281, 285.

*Allen v. Morris,* 5 Vroom (N. Y.), 159.   *Hunt v. Haven,* 52 N. H., 162.   *Tilton v. Cofield et al.,* 93 U. S. (3 Otto), 163.  1 Story's Equity, 406.  As against the other parties to the suit, his purchase having been made while the motion to open was pending, and after service of notice of the motion, he and his purchase are treated as if they never had existence.  The subsequent opening of the case by the order of the court for defense, was a mere formal matter and the date of such opening is immaterial.  Whenever Sargent had filed his answer, affidavit as to publication, and want of actual notice, and his motion, and given notice to the opposite party, his right to defend was complete, and under the statute the court could not deny or abridge it.  *Brown v. Conger,* 10 Neb., 234.  *Savage v. Aiken,* 14 Neb., 315.

*A. C. Ricketts,* for appellee Ellinwood, cited: *Brown v. Conger,* 10 Neb., 238.  *Taylor v. Boyd,* 3 Ohio, 338.  *Ludlow v. Kidd,* 3 Ohio, 541.  Wade on Notice, §§ 337 and 377, inclusive.  *Page v. Waring,* 76 N. Y., 463.

LAKE, CH. J.

This case must be disposed of by a consideration of the right of a purchaser in good faith of land under a judgment subsequently opened pursuant to sec. 82 of the code of civil procedure, and reversed.  The merits of that judgment, as between the original parties to the suit, are not involved in this inquiry.

The section in question provides that: "A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, within five years after the date of the judgment or order, have the same opened and be let in to defend; before the judgment or order shall be opened, the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it ap-

pear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section," etc.

It is urged on behalf of the appellant, as a proper construction of this section, that to be within its purview a purchaser must acquire the title before the application is made to open the judgment. In other words, that if he acquire it afterwards, although in good faith, he takes it *pendente lite* and is not protected. Under this theory it is claimed that, inasmuch as Ellinwood bought the land after the motion to open the judgment had been filed and notice thereof given to the plaintiff, he is outside of the statute and bound by the result.

But we cannot so hold. It is doubtless true that a purchaser *pendente lite* acquires no better title than that of his grantor is judged to be. And if that which his grantor appeared to have be found defective, the judgment is the exact measure of his own under the purchase.

According to all of the authorities the action in question ceased to be pending upon the rendition of the judgment in November, 1879, whereby the title to the property was found to be in Mrs. Scudder, the grantor. When was it again pending? Surely not until by the opening of that judgment the controversy which it had settled was renewed. This did not occur until the following April, and in the meantime Ellinwood had invested his money in the land on the faith of the judgment.

The judgment rendered in November was a final judgment, nor does the fact that it was liable to be opened or reversed by proceedings in error deprive it of that character. It fixed the rights of the parties to it, and their privies; and while it stood—until it was opened and the contro-

versy renewed, the action cannot properly be said to have been pending within the meaning of the statute. We see no reason for disturbing the judgment, and it will be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.