Samuel Decatur, Appellee, v. W. S. Simpson, Defendant, and John Simpson, Garnishee, Appellant, and Samuel Decatur, Appellant, v. W. S. Simpson, Appellee.

Garnishment: VALIDITY OF: VACATION OF JUDGMENT AGAINST GARNISHEE. Garnishment proceedings are dependent upon the validity of the judgment upon which they are based, and where the judgment against the principal debtor is reversed on appeal and the case remanded for a new trial, a judgment against the garnishee will be set aside on motion, although prior to a ruling on such motion a new judgment upon retrial has been entered against the principal debtor.

*Appeal from Poweshiek District Court.*—Hon. A. R. Dewey and Hon. John T. Scott, Judges.

Thursday, February 5, 1903.

On April 9, 1900, Samuel Decatur obtained a judgment against W. S. Simpson in the district court of Powshiek county for the sum of $2,500 and costs. From such judgment an appeal was taken to this court. On April 23, 1900, and under execution issued upon said judgment, John Simpson was garnished as a supposed debtor of said W. S. Simpson. The answers of said garnishee were taken and filed in said court January 3, 1901. On the same day

there was filed by said Decatur a pleading controverting the answers of said garnishee to which the garnishee made reply putting in issue the allegations of said pleading in so far as the same charged him with being a debtor of, or holding property belonging to, said W. S. Simpson. Thereafter, and on January 28, 1901, said matter came on for hearing before the court (Judge Dewey presiding); and such proceedings were had that a judgment was rendered in favor of said Decatur and against said garnishee for the sum of $2,742.88 and costs. From this judgment the garnishee appeals, and such is the cause first above entitled. The original cause, in which judgment against W. S. Simpson was rendered, was determined by this court on January 24, 1902, and the judgment of the court below reversed for errors. 115 Iowa, 348. The cause was ordered remanded for a new trial, and a procedendo issued accordingly. On March 18, 1902, said W. S. Simpson filed in said original cause a motion for writ of restitution, in which all the foregoing facts were set forth, and also that the judgment against John Simpson, garnishee, as above referred to, had not been satisfied. It was accordingly asked that said John Simpson might be discharged and exonerated from paying the judgment rendered against him as such garnishee under execution, and to the end that he, said W. S. Simpson, might be restored to his full rights in the premises. Before a ruling was had upon such motion, the original cause came on for retrial in said court resulting in a further judgment on April 3, 1902, in favor of plaintiff. Afterwards, and on the same day, said court (Judge Scott presiding) ruled on said motion, sustaining the same, and ordering that the garnishee, John Simpson, be discharged and exonerated from payment of the judgment against him as such. From such order the plaintiff, Decatur, appeals, and such is the cause second above entitled. First appeal *di missed*. Judgment on second appeal *affirmed*.

*Haines & Lyman* for plaintiff.

*N. T. Guernsey* and *Will C. Rayburn* for defendant
and garnishee.

BISHOP, C. J.—Based upon the facts as referred to in
the foregoing statement, the appellant in the garnishment
proceedings, John Simpson, moves this court to discharge
the judgment standing against him as such garnishee, and
the cause is submitted upon such motion, and without
arguments upon the merits of the appeal. While it is true
that an appeal does not operate to stay the enforcement
of a money judgment, no supersedeas bond being given,
still it is equally true that an execution issued upon such
judgment, and all proceedings had thereunder, are depend-
ant for their validity upon the judgment being sustained.
If property has been taken under such execution, restitution
must be made. Code, section 4145. Of necessity, the rule
must operate to release property held under garnishment,
as well as property of a more tangible nature held under
direct levy. Nor can it be said, in reason or upon author-
ity, that a modification of the rule of the statute is called
for, when it appears that it had been judicially determined
under garnishment proceedings that a garnishee holds
property or credits belonging to the judgment debtor, and a
judgment is rendered against such garnishee requiring him
to deliver the property in his hands, or pay over the amount
of his indebtedness, or sufficient thereof to satisfy the prin-
cipal judgment. The judgment, which alone authorized the
garnishment, being erroneous, all proceedings had there-
under are, as between the immediate parties, *ipso facto*
void and of no effect. Waples, Attachment, p. 345, 346.

It is said in argument that the garnishment, and the
judgment thereunder, ought not to be released, because of
the fact that the principal case has been again tried, and
another judgment rendered in favor of the plaintiff. We

are unable to see how such fact can affect the question. The garnishment had vitality only through the judgment upon which it was predicated. When the judgment became extinguished, the garnishment, which was but an incident to it, partook of its fate, and the right of the judgment defendant to have restitution made became absolute *eo instanti*. There is no authority for the proposition that a garnishment proceeding can be kept alive pending a new trial, and awaiting the possible arrival of a new judgment and execution under which it may again be fully vitalized, and to have effect as of the time when the garnishment proceedings were first instituted. In other words, garnishment proceedings are not susceptible of affiliation with a judgment having the relation only of a foster or step parent.

It follows from what we have said that the trial court was right in sustaining the motion to discharge the garnishee, John Simpson, and the order of discharge appealed from in the second case above entitled is affirmed. There being no farther necessity for considering the appeal in the case first above entitled, it is dismissed.—DISMISSED on first appeal.   AFFIRMED on second appeal.