ANN M. MARTIN, APPELLEE, V. C. C. ABBOTT ET AL., IM-
PLEADED WITH DON L. LOVE, INTERVENER, APPELLANT.

FILED JUNE 9, 1904.  No. 13,421.

1. **Purchaser Pending Suit.** One who purchases real estate from a
   defendant in an action brought to recover dower, after a decree
   of the district court in favor of such defendant and while the
   case is duly pending in this court on appeal, with actual notice
   of the plaintiff's claim of dower, takes his title subject to such
   claim.

2. ————: APPEAL. In such a case, where no supersedeas bond is
   provided for by statute and none is filed, the decree appealed
   from will not protect a purchaser who takes the title with actual
   notice of its condition and of the pendency of the appeal.

3. **Decision Modified.** *Parker v. Courtnay,* 28 Neb. 605, is modified in
   so far as it seems to conflict with the opinion herein.

APPEAL from the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE.  *Affirmed.*

*Ricketts & Ricketts,* for appellant.

*Strode & Strode, contra.*

BARNES, J.

The appellee, Ann M. Martin, began an action in the dis-
trict court for Lancaster county in 1896 to recover dower
in certain real estate in said county.  C. C. Abbott and
Flora M. Abbott, his wife, who then were the owners of
the land, were made defendants.  Issues were made up and
a trial had, and on the 1st day of April, 1897, the court
rendered a judgment by which it was decreed that Mrs.
Martin had no dower interest therein.  She thereupon ap-
pealed to this court, where the judgment of the district
court was reversed.  After the cause had been remanded,
and on the 7th day of February, 1902, the appellant, Don
L. Love, filed a petition of intervention in the case alleg-
ing that he became the owner of the tract of land in which
the plaintiff claimed a dower interest, by a conveyance
from Abbott on the 18th day of September 1901.  He

further alleged that at the time of his purchase, the appeal was pending in the supreme court; that no supersedeas bond had been filed by Mrs. Martin pending the appeal, and that the decree of the district court quieting title in Abbott was therefore in full force and effect; that he was a *bona fide* purchaser, and that he relied upon the decree, and prayed that his title be quieted as against said dower interest. Mrs. Martin answered this petition in intervention alleging the facts as to the bringing of the suit in the district court, the decree therein, her appeal to the supreme court and the finding and decree thereof, and alleging further that the intervener and defendant are estopped by the judgment and decree of the supreme court from questioning her right to dower in the premises. The cause was tried in the district court upon the petition in intervention, and the answer, where the findings and decree were in favor of Mrs. Martin and against the intervener, Love, and he appealed.

It appears that appellant purchased quite a large tract of land from Abbott, the defendant in the suit, of which the land in controversy is but a small portion. It also appears from the evidence that at the time he purchased the premises, he was aware that the title to the land in question was in litigation, and that an appeal had been taken to the supreme court from the decree refusing Mrs. Martin dower therein. Love insists that the judgment of the district court quieting the title in Abbott, and declaring Mrs. Martin foreclosed of all right, title, interest, dower or claim in and to the property, was a final judgment upon which he had a right to rely; that no supersedeas bond having been executed by her, any subsequent proceedings in the supreme court by which the decree might be reversed, modified or vacated, could not interfere with the rights which he had obtained by reason of his purchase while the decree was in full force. On the other hand, Mrs. Martin takes the position that no supersedeas bond was required or provided for by the statute; that it was unnecessary for her to give such a bond, and that consequently a purchaser

from Abbott with actual notice of the pendency of her appeal, was in no better position than Abbott himself, and took the title subject to all the contingencies which might befall him as to the vacation, modification or reversal of the decree.

It appears that this is not a case where the appellant obtained title to the real estate in question at a judicial sale, or under any order, judgment or decree of a court. The facts are that he purchased the land from a litigant, a party to a pending suit, in which the title was the matter in controversy; and, although there had been a decree rendered in the district court in favor of his grantor, yet he had full knowledge of all of the facts, and actual notice that an appeal had been taken to the supreme court, and that the case was there pending and undetermined.

An appeal to this court in a suit in equity brings the case here for trial upon the merits *de novo*. If this be true, as soon as Mrs. Martin perfected her appeal the case was then pending in this court, and it thus appears that the appellant acquired his title during the pendency of the suit.

Actual notice that there is an action pending affecting the title to real estate is as effective as the filing of the statutory notice of *lis pendens*. *Sampson v. Ohleyer*, 22 Cal. 200; *Sharp v. Lumley*, 34 Cal. 611. The purpose of the *lis pendens* statute is to make the filing of a paper with the proper officer take the place of actual notice, and the provisions of the statute do not render actual notice any less effective. When Love bought the premises pending the appeal he took the same with his eyes open; he obtained the title clothed with no greater rights than his grantor, and took the same subject to the contingency of an adverse decision in this court. In *Clark v. Charles*, 55 Neb. 202, it was held, that "A purchaser of real estate, during the pendency of a suit for its partition, from a party to such suit, is as much bound by the disposition made of the real estate by the decree rendered in such an action as his grantor."

One "who purchases property pending a suit in which the title to it is involved, takes it subject to the judgment or decree that may be passed in such suit against the person from whom he purchases." 2 Black, Judgments (2d ed.), sec. 550; *Murray v. Ballou*, 1 Johns. Ch. (N. Y.) 565; *Lincoln Rapid Transit Co. v. Rundle*, 34 Neb. 559.

The case of *Hollister v. Mann*, 40 Neb. 572, throws some light on this question. That was a case where the title to real estate had been obtained from a purchaser at a judicial sale, which sale was afterwards vacated and a resale ordered. We held therein that the purchaser having bought without notice of any proceedings to set aside the sale, was protected. But it is said in the opinion:

"If there had been pending a motion to set aside the sale and confirmation before the purchaser thereunder had parted with his title, a question very different from that under consideration would have been presented. In such a case there would have been pending a motion upon consideration of which it might reasonably be anticipated that the sale and confirmation would be set aside." In the case at bar, when Love bought he might have reasonably anticipated that the decree in favor of his grantor might be set aside by this court. By the appeal the action was still pending; he bought *pendente lite,* and his title was affected with all the imperfections of the title of his grantor.

We have not overlooked the case of *Parker v. Courtnay,* 28 Neb. 605. In that case one of the litigants, in whose favor the district court had rendered a decree, sold the premises to a third party pending an appeal therefrom. Such third party sold and conveyed the premises to the appellant, Parker, who paid full value therefor, and took his title without any notice, actual or constructive, of the litigation in relation thereto, or the pendency of the appeal. It would seem, therefore, that the cases are fairly distinguishable. But inasmuch as they seem to be in conflict, the opinion in that case is modified to conform to the rule announced herein.

The statute makes no provision for a supersedeas bond

in a case like the one at bar.    And therefore we think the failure to file such a bond is no protection to one who purchases the property from a litigant with actual notice of the pendency of the suit in which the title thereto is in question.    We are unwilling to sanction a rule which will permit a party to a pending action to convey the real estate which is the subject of the litigation to another, who takes it with full knowledge and actual notice of the pendency of the suit, and thus deprive the court of its power to administer justice between the parties.

For the foregoing reasons, the judgment of the district court is right, and is

AFFIRMED.