ELLEN P. KREMER, *Appellee*, v. WILLIAM SCHUTZ,
*Appellant.*

No. 16,431.

### SYLLABUS BY THE COURT.

NOTICE—*Lessee of Land—Lis Pendens—Appeal—Action for
Rent.* In a divorce proceeding the wife claimed a certain
farm as her separate property, but the district court decided
that it belonged to the husband. Upon an appeal the su-
preme court reversed that judgment and decided that the title
to the farm was in the wife, and that the husband never had
owned it. After the appeal had been taken the husband leased
the land to another and collected the rent for the same.
*Held*, in an action by the wife to recover from the tenant for
the use of the land: (1) That the tenant was bound to know
that an appeal had been taken from the judgment and there-
fore took his leasehold interest at the risk of a reversal of the
judgment. (2) Although no supersedeas bond was given on
the appeal the tenant was bound by the result of the appeal.

Appeal from Shawnee district court; ALSTON W.
DANA, judge. Opinion filed March 12, 1910. Affirmed.

*Z. T. Hazen,* and *R. H. Gaw,* for the appellant.

*T. F. Garver,* and *R. D. Garver,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this case Mrs. Ellen P. Kremer,
the unquestioned owner of a farm, sues William Schutz
to recover $200 for the use of the farm for the term of
one year beginning March 1, 1907. Schutz entered into

a contract with John L. Kremer on September 4, 1906, agreeing to pay him $165 as rent. John L. Kremer claimed ownership and the right to lease the land because of a judgment rendered by the district court on June 19, 1906, in a divorce proceeding, wherein the land was awarded to him but subjected to a lien in favor of his wife, Ellen P. Kremer. One of the important questions in that litigation was whether the land was the separate property of Ellen P. Kremer, and the judgment being adverse to her contention she took an appeal to the supreme court, and that tribunal, on June 8, 1907, reversed the ruling of the district court, holding that the land was the property of Mrs. Kremer, and directed judgment in her favor. (*Kremer v. Kremer,* 76 Kan. 134.) When she brought this action for the rent Schutz defended on the theory that the judgment of the district court in effect made John L. Kremer the owner, and that he remained the owner with the right to lease and collect rent until the judgment was set aside. He made the further contention that, no supersedeas bond having been given when the appeal was taken, he was not bound to take notice of the appeal. The trial court ruled that Mrs. Kremer was the owner of the property from the beginning, and that the payment of rent to John L. Kremer did not discharge the obligation of Schutz to pay the owner for the use of the farm and constituted no defense to her action for the rent. This decision must be upheld.

The result of the litigation demonstrated that Mrs. Kremer was the owner of the farm during the time it was occupied by Schutz and that John L. Kremer never owned it nor had any right to lease it. The tenant can not have any greater right than his landlord, and as Mr. Kremer had no title to the land he could not invest Schutz with any right to its use, nor could a payment to one not the owner release the tenant from his liability for rent to the real owner. When the divorce proceeding was begun, in which Mrs. Kremer made a

Kremer v. Schutz.

distinct claim to the land as her separate property, it was *lis pendens* as to one who leased or otherwise acquired a right in the land during the litigation. (Civ. Code, § 81; Gen. Stat. 1901, § 4515; *Wilkinson v. Elliott,* 43 Kan. 590; *Garver v. Graham,* 6 Kan. App. 344.) While the judgment of the district court awarding the land to John L. Kremer was what is termed a final judgment, it was subject to appeal, and an appeal was in fact taken from the judgment before the lease was executed. In contracting for the use of the land on the basis of that judgment Schutz was bound to know that it was subject to appeal and that an appeal had been taken. The litigation had not ended in the rendition of the judgment, and although it may have seemed to Schutz that Mr. Kremer might ultimately win he still took the risk of a reversal and of the final outcome of the litigation. In *Dunnington v. Elston,* 101 Ind. 373, the same rule was announced. Piggott, who had obtained a judgment in an action of ejectment against Elston, leased the land involved to Dunnington after the rendition of the judgment and before an appeal was taken which subsequently resulted in a reversal. Dunnington claimed that he purchased relying on the judgment and with no notice that Elston intended to appeal from it, but the court held that he was conclusively presumed to know that an appeal might be taken within a limited time and he was therefore bound by that knowledge. It was said:

"Dunnington took his title within the time in which by law Elston had the right to appeal, and thereby he took the hazard of the appeal and the reversal of the judgment, and now that the appeal was taken, and the judgment under which he claims is reversed, he can not say he was a purchaser in good faith and invoke the aid of the statute." (Page 375.)

It is argued that as no supersedeas bond was given there was no *lis pendens* after judgment. The supersedeas bond and resulting stay only operates on the

12—82 KAN.

enforcement of a judgment by execution. In a case where the effect of a supersedeas bond was in question the court said:

"We are unable to find any language used by the legislature which seems to us to imply that a stay of execution has any other force or effect on the judgment than simply to prevent its enforcement by execution." (*Willard v. Ostrander*, 51 Kan. 481, 489.)

Schutz was not in the attitude of one purchasing at a judicial sale. Such a purchaser may, under the provisions of section 467 of the civil code (Gen. Stat. 1901, § 4913), acquire a good title notwithstanding a subsequent reversal of the judgment under which the sale was made. (*Evans v. Kahr*, 60 Kan. 719.) These provisions, however, afford no protection to one who purchases or leases from a party to the litigation. (*McClung v. Hohl*, 10 Kan. App. 93.) In *Martin v. Abbott*, 72 Neb. 89, the appellant purchased land from the prevailing party in an action for dower while an appeal was pending in a higher court. No supersedeas bond was given and appellant claimed that he had acquired a good title to the land and was not affected by the appeal or its result. The court held that he was a purchaser *pendente lite*, and that the absence of a supersedeas bond did not affect his standing. It was said that the case was quite unlike one where a party had obtained title at a judicial sale under a judgment of a court, but that "when Love bought the premises pending an appeal he took the same with his eyes open; he obtained the title clothed with no greater rights than his grantor, and took the same subject to the contingency of an adverse decision in this court." (Page 91. See, also, *Dunnington v. Elston*, supra; *Farmers Bank v. First Nat. Bank*, 30 Ind. App. 520; *Carr v. Cates*, 96 Mo. 271; 21 A. & E. Encycl. of L. 620.) So, here, the tenant accepted a lease from, and paid his money to, Mr. Kremer with his eyes open, knowing that the ownership of the farm was still in litigation

Stevens v. Anthony.

and that whether he acquired any rights under his lease from Mr. Kremer depended upon the result of the appeal which had been taken when the lease was made. The real owner can not be deprived of compensation for the use of her land because the tenant happened to deal with one who had no title in or right to lease the land.

The judgment of the district court is affirmed.