No. 26,148.

ALBERT PACHNER, *Appellant*, v. S. A. HOPPAS, *Appellee.*

SYLLABUS BY THE COURT.

LIS PENDENS — *Lease Pending Appeal* — *Effect of Reversal.* One who dur-
ing the pendency of an appeal (without stay) from a judgment deciding the
ownership of land accepts a deed or lease from the person adjudged to be
the owner is not protected in his possession thereunder so as to be entitled
to crops sown by him, maturing after the reversal of the judgment, as
against the adverse claimant of the land, who was finally adjudged to have
been its owner from the beginning.

Appeal from Decatur district court; WILLARD SIMMONS, judge. Opinion filed
October 10, 1925. Affirmed.

*A. C. T. Geiger, J. P. Noble* and *W. K. Thompson,* all of Oberlin, for the
appellant.

*W. S. Langmade* and *V. D. Woodward,* both of Oberlin, for the appellee.

The opinion of the court was delivered by

MASON, J.: S. A. Hoppas brought an action against Fred Bremer
for specific performance of a contract for the conveyance of a tract
of land. The district court on May 12, 1922, gave Hoppas a money
judgment on the theory that Bremer was unable to make a title.
Bremer appealed on June 15, 1922, and the supreme court on No-
vember 10, 1923, modified the judgment so as to require specific per-
formance. The original judgment carried an implication that
Bremer was the full owner of the land. The final judgment
amounted to an adjudication that he merely held the legal title
as security for the payment of $3,500 by Hoppas, who had the
equitable ownership and right of possession. A fuller statement of
the facts will be found in the opinion in *Hoppas v. Bremer, ante,*
p. 411. On June 21, 1922, Bremer executed a deed to W. A. Wicker-
sham, who on August 1 following gave a lease to Albert Pachner.
Pachner occupied the land in the fall of·1922 and in 1923. On April
18, 1924, Hoppas paid to Bremer the $3,500 and received a deed.
In August, 1924, the present action was brought against Hoppas by
Pachner to recover the value of grain sown in October, 1923, and
in March, 1924, by the plaintiff, and harvested in July by the de-
fendant. The plaintiff appeals from a judgment upon an instructed
verdict for the defendant.

1. *Lis Pendens,* 38 C. J. § 76.

The plaintiff's claim is based upon the theory that the original judgment in the action for specific performance amounted to an adjudication that Bremer was the owner of the land and entitled to its possession; that this judgment determined the rights of possession for the period between its rendition and its reversal; that by reason of it the possession held by the plaintiff Pachner was lawful; that this condition continued until Hoppas obtained a deed; and that the plaintiff was entitled to the tenant's share of the crop sowed while he was lawfully in possession, although it matured after his right of occupancy had ceased.

The time of the execution of the deed to Hoppas is not material. The fact that he had not paid all that was required before he was entitled to a deed—that Bremer held the legal title to secure the payment of what was still owing, did not militate against his right of possession.

So far as concerns the effect of the original judgment during the pendency of the appeal, no stay having been ordered, the case is similar to *Kremer v. Schutz*, 82 Kan. 175, 107 Pac. 780, annotated in 27 L. R. A., n. s., 735, where it was said:

"While the judgment of the district court awarding the land to John L. Kremer was what is termed a final judgment, it was subject to appeal, and an appeal was in fact taken from the judgment before the lease was executed. In contracting for the use of the land on the basis of that judgment Schutz was bound to know that it was subject to appeal and that an appeal had been taken. The litigation had not ended in the rendition of the judgment, and although it may have seemed to Schutz that Mr. Kremer might ultimately win, he still took the risk of a reversal and of the final outcome of the litigation. . . .

"It is argued that as no supersedeas bond was given there was no *lis pendens* after judgment. The supersedeas bond and resulting stay only operates on the enforcement of a judgment by execution. . . .

"Schutz was not in the attitude of one purchasing at a judicial sale. Such a purchaser may, under the provisions of section 467 of the civil code, . . . acquire a good title notwithstanding a subsequent reversal of the judgment under which the sale was made. . . . These provisions, however, afford no protection to one who purchases or leases from a party to the litigation. . . . The tenant accepted a lease from, and paid his money to, Mr. Kremer with his eyes open, knowing that the ownership of the farm was still in litigation and that whether he acquired any rights under his lease from Mr. Kremer depended upon the result of the appeal which had been taken when the lease was made. The real owner cannot be deprived of compensation for the use of her land because the tenant happened to deal with one who had no title in or right to lease the land." (pp. 177-179. See, also, *Mackenzie v. Engelhard Co.*, 266 U. S. 131, and annotation thereto in 36 A. L. R. 421.)