FERDINAND ARN *et al.* v. SAMUEL S. MATTHEWS.

1. TRESPASS — *Triple Damages — Possession.* In an action brought under chapter 113 of the General Statutes, to recover treble the value of trees and timber cut and taken from land; the possession of the land by the plaintiff is not a prerequisite to his right of recovery.

2. DEEDS *in Evidence — Purpose.* Where a deed for the transfer of land misdescribes the tract intended to be conveyed, and the grantors execute a second deed to correct the description of the first, both instruments may be received in evidence for the purpose of showing the ownership of the land in the grantee.

3. ERASURE, *Record to Show.* Before error can be predicated on the admission in evidence of an altered or mutilated instrument, the record must show the erasure or alteration relied on.

4. DAMAGES — *Market Value of Wood — Evidence.* In determining the amount of recovery in this action, it is not error to receive testimony of the market value of the wood cut and carried away at the place where the trees stood; and if it had no market value there, then proof of such value at the nearest point where a market existed may be offered; and in the absence of a contrary showing, it will be presumed that the court adopted a rule and mode of proof adapted to the facts of the case.

5. WIFE, *When not Competent Witness.* Where two defendants are sued jointly, and a joint answer and defense is made by them, the wife of one is not competent to testify to a matter sustaining the joint defense, and which necessarily affects the right of her husband equally with that of his co-defendant.

## *Error from Wyandotte District Court.*

ACTION to recover damages for trespass upon land. The opinion states the facts. Judgment for plaintiff *Matthews*, at the July term, 1886. The defendants, *Arn* and another, bring the case here.

*Hollis & Hammer*, and *English & Stonestreet*, for plaintiffs in error.

*J. A. Hale*, and *J. O. Fife*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Samuel S. Matthews recovered a judgment in the district court of Wyandotte county against Ferdinand Arn and Edward F. Arn, for injury to real estate owned by him. The action was brought under chapter 113 of the General Statutes, known as the "triple-damage act," and the amount of the recovery was $526.50.

One point made for reversal is, that the action can only be maintained when the plaintiff is in possession of the premises, and that it is not alleged or shown that Matthews had the possession, or right of possession, of the premises. Ownership and possession by Matthews is unequivocally alleged in the petition filed by him; and we need not inquire what character of possession is established by the evidence. It was determined by this court, in an early case, that possession of real estate is not a prerequisite to a right of recovery in an action like this, and that the action may be maintained although the parties committing the injury may be in the possession of the property as tenants of the owner, provided such injuries are committed without color of authority. (*Fitzpatrick v. Gebhart*, 7 Kas. 35.)

1. Trespass— triple damages—possession.

18 — 39 KAS.

Exceptions were taken to the rulings of the court in the admission of certain deeds in evidence, that were introduced by Matthews. The first deed offered was from Catherine Arn and the defendant Ferdinand Arn to George Rapelle, dated July 23, 1884. This deed did not correctly describe the land intended to be conveyed; and on August 30, 1884, a second deed was made by the same parties, for the purpose of correcting the former one; and this deed was also offered in evidence. A deed from George Rapelle to Evan A. Hosier, dated October 17, 1884, and one from Evan A. Hosier to Matthews, executed October 10, 1885, were also introduced in evidence. It was necessary for the plaintiff to establish his ownership of the land from which the trees and timber had been cut and taken, and this was the purpose for which the deeds were offered. The objection to the first deed because of the incorrect description of the land, was not well taken. That instrument, coupled with the one made for the correction of the description, formed a link in the chain of title, and was unquestionably competent testimony to show the ownership of Matthews in the land from which the trees and timber had been taken. The objection alleged against the second deed is, that an alteration appeared upon its face which destroyed its validity, and rendered it inadmissible as evidence. It is not claimed that there are any erasures or alterations in the deed itself; but in the argument it is stated that an alteration appears in the acknowledgment of the same. The record, however, which has been brought to this court, shows no erasure or alterations in the deed or acknowledgment; and, even if one had been apparent, it would not necessarily make the instrument inadmissible. (*Neil, Adm'x, v. Case & Co.,* 25 Kas. 510.) "Neither an imperfect acknowledgment, nor a total want of any acknowledgment, affects the validity of the conveyance. An unacknowledged deed passes title equally with one duly acknowledged and certified." (*Gray v. Ulrich,* 8 Kas. 112.) The acknowledgment dispenses with proof of the execution; and in this case

2. Deeds in evidence—purpose.

3. Erasure, record to show.

evidence of the execution and delivery of the deed was offered, and it was therefore properly received.

Complaint is made of the ruling of the court in the reception of the testimony of a witness who gave the value of the wood in Wyandotte. It does not appear how far distant the land is from Wyandotte, but it probably lies in the immediate vicinity. The market value of the timber and wood cut from the land is probably as fair a rule for measuring the damages as could have been used. There may be no market value for wood upon the land, and presumably the court adopted a rule and mode of proof which was best adapted to the facts of the case. If there was no market at the place where the trees were cut, it was allowable to show the market value at the nearest point where wood like that severed from the land could be bought and sold. (3 Suth. Dam. 373.)

4. Damages—market value of wood—evidence.

Another point is, that the court erred in not permitting Catherine Arn, the wife of Ferdinand Arn, to testify in the case. It is claimed that, although she could not testify in behalf of her husband, she was a competent witness in behalf of his co-defendant, Ed. F. Arn, who was her son. The husband and son of the witness were sued jointly for the trespass, a single judgment was sought against both, and the testimony offered affected the defense of the husband equally with that of the son. If the testimony offered had related to a several and distinct ground of defense in favor of the son, it might have been admitted in the action; but where, as in this case, the evidence called out by the interrogatory is intended to sustain the joint defense of husband and son, and necessarily affects the rights of the husband as well as of the co-defendant, it cannot be received. It is true, that in one instance the counsel for plaintiffs in error state that they offer the witness in behalf of the defendant Ed. F. Arn; but the record does not contain the nature of the testimony sought, and, as the only question framed called for incompetent testimony, we cannot say that there was any error in the ruling refusing the testimony. Be-

5. Wife, when not competent witness

sides, the evidence offered, in our opinion, is quite immaterial. It related to the conveyance which she and her husband made to Rapelle, and to an alleged reservation of the timber. The instrument of conveyance, being absolute in form, without condition or reservation, conveyed the timber as well as the land; and it could not be contended that Matthews, the purchaser, gave any authority to the Arns to cut and take the timber, or that he had any notice of an agreement to reserve the timber by former grantees, if any such was made. The timber was conveyed with the land, and therefore a statement of what she intended to convey and to reserve was incompetent and immaterial.

There are some objections made to the instructions given to the jury, but like many other points made in the case, they are not important or substantial.

The rulings of the court must be sustained, and its judgment affirmed.

All the Justices concurring.