(683 P.2d 1288)
No. 55,675

WILLIAM GARY HILDEBRANDT, GEORGIA HESTER, BARBARA JOHNSON, ROSE COOK, MARY WILLIAMS, and LAURETTA POTTER, *Appellees,* v. GEORGE B. HILDEBRANDT, JR., *Appellant.*

Opinion filed July 19, 1984.

*Robert D. Beall,* of Leavenworth, for the appellant.

*Lynn E. Ebel,* of Davis, Davis, McGuire & Thompson, Chartered, of Leavenworth, for the appellees.

Before SWINEHART, P.J., REES, J., and HARRY G. MILLER, District Judge Retired, assigned.

MILLER, J.: The defendant lessee has appealed the finding of the district court that the plaintiffs were the legal owners of real property pursuant to a general warranty deed executed November 9, 1981, and entitled to possession.

The dispute in this case involves the seven children of George

Hildebrandt, Sr., and the facts upon which the trial court relied are not disputed.

On December 10, 1980, George Sr., then 78 years old, gave his daughter, Georgia Hester, a special power of attorney "to buy, sell, mortgage, encumber, lease or rent any or all of the real estate" then owned by him. Sometime previously, George Sr. had sold his farm to his son George Hildebrandt, Jr., the defendant herein, except for a 5.64-acre tract known as "Hildebrandt Island" which, after a survey, was purposely excluded from the sale.

On November 9, 1981, acting on the verbal authorization of George Sr., Georgia Hester executed a general warranty deed conveying the 5.64-acre tract to his other six children, the plaintiffs herein, and their respective spouses, as joint tenants. This deed described the property as follows:

"An irregular tract of land on the south end of the tract known as 'Hildebrandt Island' in the Southwest Quarter (SW ¼) of Section 24, Township 7 North, Range 22 East of the 6th Principal Meridian, Leavenworth County, Kansas, more fully described as follows: Commencing at the Southwest corner of Section 34, Township 7, Range 22; thence East along the section line   .   .   .  ." (Emphasis supplied.)

This was followed by a metes and bounds description of the 5.64-acre tract known as "Hildebrandt Island." The intended and accurate section number is 34.   The deed was signed "George Hildebrandt, Sr.," and was notarized before Linda Carnoali who stated in her certificate that she witnessed the execution of the deed by "George Hildebrandt, Sr. a single person." There was no indication in the deed or in the notary's certificate that Georgia had executed the deed in her capacity as attorney in fact.

In August, 1982, the grantees discovered the error in the deed description, corrected the mistake and re-recorded the deed on August 9, 1982. On March 8, 1982, however, defendant had entered into an agreement with his father, George Sr., to lease the 5.64-acre tract in question for a period of 25 years at an agreed rental of 50 percent of the net profit derived from the tract.

Plaintiffs filed suit on September 3, 1982, for possession of the tract. The trial court, relying on statements of fact found in the parties' briefs and without consideration of several other issues raised in the pleadings, found that the original deed dated

November 9, 1981, imparted constructive notice to the defendant and that the plaintiffs were entitled to possession.

At the outset it should be noted that defendant concedes that the deed is legally effective as between the parties. He does not claim that Georgia Hester, in executing the deed, acted outside her power of attorney or without the express authority of her principal. His contention on appeal is that the deed in question, even though effective as between the parties, did not impart constructive notice to him, and that as a bona fide lessee without notice, he is entitled to possession of the land in accordance with the terms of his lease.

Defendant first argues that Georgia Hester's signing of the deed in the name of George Hildebrandt, Sr., without any indication that it was signed by her as his agent, is a defective execution and, therefore, the deed did not impart constructive notice to subsequent purchasers and encumbrancers.

Kansas statutes permit the conveyance of land by an agent. K.S.A. 58-2205, -2209. Neither of these provisions require a particular form of signature by an agent. While it is undoubtedly the better practice for an agent to indicate in his signature that he is signing as an agent, the general rule is "that the mere fact that the agent's name does not appear in an instrument, executed by him in the name of the principal alone, does not render the execution insufficient." Annot., 96 A.L.R. 1251. See also 3 Am. Jur. 2d, Agency § 195.

Since the deed was executed by Georgia Hester in response to her principal's express direction, there is no possibility of surprise to George Sr., nor a chance of fraud being perpetrated on others who rely on the signature. In these circumstances, the agent's signature in the principal's name only is not sufficient in itself to bar the deed from being recorded and imparting constructive notice.

Defendant next contends that the description in the deed was a complete misidentification of the property and thus was insufficient to impart constructive notice to a subsequent purchaser.

As to what constitutes a sufficient description to impart constructive notice, the court in *Luthi v. Evans,* 223 Kan. 622, 629, 576 P.2d 1064 (1978), stated:

"From a reading of all of the statutory provisions together, we have concluded that the legislature intended that recorded instruments of conveyance, to impart constructive notice to a subsequent purchaser or mortgagee, should describe the

land conveyed with sufficient specificity so that the specific land conveyed can be identified. As noted above, K.S.A. 58-2203 and 58-2204 require a deed to *describe the premises.* A description of the property conveyed should be considered sufficient if it identifies the property or affords the means of identification within the instrument itself or by specific reference to other instruments recorded in the office of the register of deeds. Such a specific description of the property conveyed is required in order to impart constructive notice to a subsequent purchaser."

The error in the deed complained of by the defendant was a reference in the beginning of the description to "Section 24." This is followed, however, by a metes and bounds description commencing at "the Southwest corner of Section 34" which clearly places the 5.64 acres in question in Section 34, the proper section. This description, together with the name "Hildebrandt Island," affords a reasonably certain and sufficient means of identification within the deed itself for identifying the property conveyed. The fact that it may not have been properly indexed by the register of deeds will not prevent constructive notice under K.S.A. 58-2222. *Luthi v. Evans,* 223 Kan. at 630.

Relying on K.S.A. 53-306(4), which provides for a statutory short form of acknowledgment for an attorney in fact, defendant next asserts that the statute clearly contemplates that where a person other than the principal executes and acknowledges an instrument affecting property, the signature and the certificate of acknowledgment must show the capacity in which such person signs. Since this was not done, defendant contends that the deed was not "properly acknowledged, and certified" as prescribed by K.S.A. 58-2221, -2222, and its recordation was, therefore, invalid and did not impart constructive notice.

The basic requirements of a certificate of acknowledgment are set forth in K.S.A. 58-2216d, which states in part:

"In the taking of acknowledgments and the performing of other notarial acts requiring certification, a certificate endorsed upon or attached to the instrument or documents, which shows the date of the notarial act and which states, in substance, that the person appearing before the officer acknowledged the instrument as his or her act or made or signed the instrument or document under oath, shall be sufficient for all intents and purposes. The instrument or document shall not be rendered invalid by the failure to state the place of execution or acknowledgment."

From the face of the deed, these requirements were satisfied, and the register of deeds was clearly warranted in recording and indexing the deed. Whether such a deed imparts constructive notice is another question.

The certificate of acknowledgment in this case obviously did not disclose that Georgia Hester, in signing her principal's name, was acting as his attorney in fact. For this reason, defendant asserts, the acknowledgment and certification were fatally defective and invalid and, in effect, amounted to no acknowledgment at all.

It is, of course, settled law in this state that an unacknowledged instrument does not impart constructive knowledge to subsequent purchasers and encumbrancers. *Horney v. Buffenbarger*, 169 Kan. 342, 219 P.2d 345 (1950); *Nordman v. Rau*, 86 Kan. 19, 119 Pac. 351 (1911); *Fisher v. Cowles*, 41 Kan. 418, 21 Pac. 228 (1889).

Defendant's claim of a fatal defect in the acknowledgment, however, is based upon information gained from sources other than the face of the deed. Thus his claim concerns a defect that is latent in character. In this country there is a sharp division of authority on the question of the effect of a latent defect in a certificate of acknowledgment.

"The general rule, as established by the numerical weight of authority, is that a defect in the acknowledgment of an instrument required for recordation, which is not apparent on the face of the instrument, as acknowledged, does not prevent the recordation from being constructive notice to persons who may be affected by the transaction recorded." Annot., 59 A.L.R.2d 1299, 1316.

See 1 Am. Jur. 2d, Acknowledgments § 91.

In *Mills v. Damson Oil Corp.*, 686 F.2d 1096 (5th Cir. 1982), the court certified a question to the Mississippi Supreme Court whether a recorded deed whose acknowledgment contained a latent defect imparted constructive notice to subsequent purchasers. The Fifth Circuit listed the decisions supporting such a rule and quoted the following:

" 'If there is nothing on the face of the instrument to show the invalidity of the acknowledgment public policy demands that the public, relying upon the faith of the record, should be protected against hidden defects. If reliance could not be placed upon the record, as it appears to be, and if a defect of this character could be urged to defeat the title of an innocent purchaser, or incumbrancer [*sic*], the record would be useless. The rule, therefore, ought to be that the registration of such a deed, fair upon its face, operates as constructive notice to the protection of bona fide purchasers.' " *Mills*, 686 F.2d at 1105, n. 16.

The Mississippi Supreme Court, in response to the certification, embraced the rule that a defectively acknowledged and recorded deed imparts constructive notice if the defect in the acknowl-

edgment is entirely latent. *Mills v. Damson Oil Corp.*, 437 So. 2d 1005, 1006 (Miss. 1983).

We recognize that there is a division of authority on this question, but we are persuaded that the better reasoning supports the majority rule.

In view of our ruling, we need not discuss other issues raised by the parties. The trial court did not err in holding that the original deed was a valid conveyance as between the parties, that it was properly received for record, and that it imparted constructive notice to subsequent purchasers and encumbrancers, including the defendant.

Affirmed.