In re William George GUGENHAN Zoe Ann Gugenhan, Debtors.

William George GUGENHAN and Zoe Ann Gugenhan, Plaintiffs,

v.

BLUE VALLEY NATIONAL BANK, Successor to Oketo State Bank; First National Bank of Missouri, A Missouri Banking Corporation, Defendants.

Bankruptcy No. 84–40660.
Adv. No. 84–0263.

United States Bankruptcy Court,
D. Kansas.

Nov. 14, 1985.

Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, Kan., for debtors.

Thomas A. Valentine, Ruth E. Graham, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for banks.

Carol A. Park, Wichita, Kan., Asst. U.S. Trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This chapter 11 adversary proceeding is before the Court on the complaint of the debtors-in-possession to determine validity, priority or extent of two real estate mortgages in favor of the Oketo State Bank, a predecessor of the Blue Valley National Bank.

The First National Bank of Missouri also asserts an interest in the property. The Banks have joined in a motion to dismiss the debtors' complaint.

The debtors are represented by Jan M. Hamilton of Hamilton, Peterson, Tipton & Keeshan, Topeka. Blue Valley National Bank and the First National Bank of Missouri are represented by Thomas A. Valentine and Ruth E. Graham of Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka.

### FINDINGS OF FACT

The debtors signed a mortgage in favor of the Oketo State Bank on December 22, 1978. They signed a second mortgage in favor of the bank on January 30, 1980. Both mortgages included what appeared to be valid certificates of acknowledgement, and both mortgages were recorded with the Marshall County Register of Deeds. The mortgages, however, had not actually been executed in the presence of a notary, and the notaries could not recall whether the debtors were present when the mortgages were executed.

In 1981, the Oketo State Bank and the First National Bank of Missouri filed a foreclosure action against the debtors in state court in Marshall County. The debtors raised improper acknowledgement as a defense and also raised Truth-in-Lending Act counterclaims.

On October 5, 1983 the state court found that the mortgage had not actually been properly acknowledged, but ruled that the bank had equitable mortgages on the property. In a separate opinion, the court reserved judgment on the debtors' counterclaims. The case was still pending in March, 1985. Meanwhile, on July 12, 1984 the debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.

The debtors-in-possession seek to avoid the mortgages under §§ 545, 522(f)(1) or § 544(a)(3) of the Bankruptcy Code.

### CONCLUSIONS OF LAW

#### *11 U.S.C. § 545*

■ The mortgages are not voidable under § 545. That section applies only to statutory liens. 11 U.S.C. § 101(45) defines a statutory lien as a "lien arising *solely* by force of a statute on specified

circumstances or conditions ... but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." (Emphasis added).

Here, the mortgages did not arise solely by statute. The mortgages are either security interests created by the parties' agreement, or judicial liens obtained by judicial process.

### 11 U.S.C. § 522(f)(1)

■ Under 11 U.S.C. § 522(f)(1), a debtor may avoid a judicial lien that impairs exempt property. The section can apply only if the mortgages are judicial liens.

Section 101(30) defines a judicial lien as one "obtained by judgment, levy, sequestration, or other legal or equitable powers or proceeding." Section 101(43), however, defines a security interest as a "lien created by agreement."

The debtors argue that the mortgages are judicial liens created by the state court order rather than by agreement of the parties. This argument fails. The state court did not hold that the mortgages were invalid as agreements between the parties. The court held that mortgages existed under equitable principles, and based this ruling on the parties' intent. An equitable mortgage of this nature arises by agreement, and takes effect at the time of the original transaction rather than at the time of attempted enforcement. *Garnett State Savings Bank v. Tush,* 232 Kan. 447, 454, 657 P.2d 508 (1983).

The result would have been the same had the state court decided the issue on legal rather than equitable grounds. There is no contention that the mortgages were not executed. Under Kansas law the defective acknowledgements did not invalidate the mortgages. An unacknowledged or improperly acknowledged deed or mortgage is effective between the parties. *Tawney v. Blankenship,* 150 Kan. 41, 47, 90 P.2d 1111 (1939); *Arn v. Matthews,* 39 Kan. 272,

18 Pac. 65 (1888); *Gray v. Ulrich,* 8 Kan. 112, 121 (1871).

Under either legal or equitable principles, the mortgages arose by agreement. They are not judicial liens, and cannot be avoided under 11 U.S.C. § 522(f)(1).

### 11 U.S.C. § 544(a)(3)

Under 11 U.S.C. § 544(a)(3), the trustee may avoid any transfer of the debtor's property that is voidable by:

(3) a bona fide purchaser of real property other than fixtures from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

■ The Bank contends that under the lis pendens statute, K.S.A. § 60–2201, no third parties could achieve bona fide purchaser status after the filing of the state court foreclosure action. The debtors, however, contend that the lis pendens statute no longer applied after the state court's order of October 5, 1983. The debtors' argument is without merit.

K.S.A. § 60–2201 provides that while an action is pending, third parties can acquire no interest in the subject matter. An action remains pending through appeal. *Pachner v. Hoppas,* 119 Kan. 415, 239 Pac. 967 (1925); *Kremer v. Schutz,* 82 Kan. 175, 107 Pac. 780 (1910).

Here, the trial court's order of October 5, 1983 was not a final judgment as defined in K.S.A. § 60–254. It was still subject to modification under K.S.A. § 60–259 or to reversal on appeal. The foreclosure action therefore was still pending when the debtors filed their petition for relief in this Court. The lis pendens statute precluded any third parties from achieving bona fide purchaser status.

■ In addition, the record shows that the mortgages were recorded with the Marshall County Register of Deeds. The certificates of acknowledgement appear to be valid. In *Hildebrandt v. Hildebrandt,* 9

Kan.App.2d 614, syl. ¶ 5, 683 P.2d 1288 (1984), the court held:

> A defect in the acknowledgement of an instrument required for recordation, which is not apparent on the face of the instrument as acknowledged, does not prevent the recordation from imparting constructive notice to persons who may be affected under the transaction recorded.

Under the rule in *Hildebrandt,* the mortgages were perfected when recorded. After recording, third parties could not achieve bona fide purchaser status. The mortgages are not avoidable under § 544(a)(3).

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.