**In re Dorothy A. WEST, Debtor.**

**Bankruptcy No. 85–335–Orl–BK–7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 15, 1985.

Andrew Baron, Orlando, Fla., for debtor.

Andrea A. Ruff, Orlando, Fla., Trustee.

Timothy A. Straus, Orlando, Fla., for Merle West.

**ORDER DENYING DEBTOR'S
MOTION TO AVOID LIEN
OF MERLE K. WEST**

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter is before the Court on debtor's motion to avoid lien pursuant to 11 U.S.C. § 522(f)(1).

While Giles West, son of Merle K. West, and debtor were in the process of dissolving their marriage in the Florida Circuit Court, Merle K. West intervened in the divorce action seeking an equitable lien on the marital residence for money contributed for the acquisition and improvement of the residence. The marriage was dissolved in August, 1981 with debtor, Dorothy A. West, receiving an award of the marital residence. On October 25, 1983, the Circuit Court of Orange County, Florida, entered judgment in favor of Merle K. West on her Intervenor's Motion for Judgment on the

Pleadings. Based on the pleadings and unanswered requests to admit propounded by Merle K. West, the circuit court found: (1) that Merle K. West had an equitable interest in the residence in the amount of $20,671.19; and (2) that the interests of the parties in the marital residence were inferior to this equitable lien.

On March 21, 1985, Debtor filed a voluntary petition under 11 U.S.C. Chapter 7. In her schedules, she claimed her residence as exempt property in accordance with Article 10, Section 4 of the Florida Constitution. The issue before the Court is whether Merle K. West's equitable lien which impairs debtor's homestead exemption can be avoided under 11 U.S.C. § 522(f)(1).

Section 522(f) states that "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien." 11 U.S.C. § 522(f). Subsection (b) provides individual debtors the opportunity to choose between federal exemptions provided in § 522(d) or state law exemptions. The State of Florida has elected to opt out of the federal exemptions provided in § 522(d), therefore, this Court is only concerned with exemptions provided under Florida law.

The first question the Court must address is whether the equitable lien involved in this matter is a "judicial lien" within the meaning of 11 U.S.C. § 101(30). If the equitable lien involved is not a "judicial lien" then debtor cannot avoid it. A "judicial lien" includes liens "obtained by judgment ... or other legal or equitable process or proceeding." 11 U.S.C. § 101(30). The Circuit Court of Orange County, Florida, granted Merle K. West a lien on the marital residence based on principles of equity and entered judgment in her favor. Clearly this equitable lien which resulted from an equitable proceeding consummated in a final judgment is a "judicial lien" under the Bankruptcy Code.

The second question the Court must address is whether Florida law allows debtor to use her homestead exemption to avoid the equitable lien encumbering her residence. Article 10, Section 4 of the Florida Constitution expressly grants a "natural person" an exemption for their homestead property *unless* such property is encumbered by a lien for "... payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty." Article X, Section 4(a), *Florida Constitution*. Each of these exceptions to the homestead exemption arise out of a contractual relationship. Although it could be argued that the lien involved in this matter is a lien arising out of obligations for improvements made to the homestead, the lien was truly created by judicial process not by contract. Since this equitable lien was not bargained for, it is not within the specific exceptions. The analysis of exemption rights does not stop at this point however, the Florida courts have carved out an additional exception to the homestead exemption for equitable liens.

The facts show that when a substantial abuse of the exemption rights would occur if the debtor was allowed to avoid an equitable lien, the Florida courts have found the lien enforceable against the homestead exemption notwithstanding the fact that it is not specifically excepted from the homestead exemption in the Florida Constitution. *See Sonneman v. Tuszynski*, 139 Fla. 824, 191 So. 18 (1939); *Le Mar v. Lechlider*, 135 Fla. 703, 185 So. 833, 836 (1939); *see also Ryskind v. Robinson*, 302 So.2d 427 (Fla., 4th DCA 1974).

*Sonneman* involved a plaintiff who performed domestic services for defendant in the expectation that defendant would fulfill his agreement to take care of plaintiff for as long as she lived. Plaintiff received no other compensation for her services. Finding it inequitable for defendant to refuse to fulfill the agreement when he had already reaped its benefits, the *Sonneman* court granted plaintiff an equitable lien enforceable against defendant's homestead exemp-

tion. Similarly, the *Lechlider* court granted plaintiffs an equitable lien enforceable against defendant's homestead exemption where the plaintiffs had constructed an addition to defendants' home based on the understanding that they would acquire an interest in the homestead property. In each situation, the equitable lien was found enforceable against defendant's homestead exemption to prevent the defendant from using the homestead exemption to perpetrate a fraud and create an unjust result.

The Court finds that the equitable lien exception to the homestead exemption applies and debtor is not entitled to avoid Merle K. West's lien under 11 U.S.C. § 522(f). Merle K. West was granted an equitable lien superior to the rights of her son and daughter-in-law in accordance with Florida law. This lien was granted to prevent the defendants in the action from taking the property and improvements thereon unencumbered without tendering any compensation to Merle K. West. In keeping with the equities of the state court action, this Court finds that it would be a substantial abuse of the Florida homestead exemption to allow debtor to use the exemption to avoid the lien to which the state court found Merle K. West entitled. This Court applies equitable principles. *See Bank of Marin v. England,* (1966) 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197. This Court cannot allow an unjust result to occur.

Wherefore, it is ORDERED:

(1) Debtor's Motion to Avoid Lien of Merle K. West is denied;

(2) The lien of Merle K. West is enforceable against debtor's homestead exemption.