**In re Arthur & Dorothy DUDLEY, Debtors.**

**Bankruptcy No. 86–02358–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 31, 1986.

Kenneth S. Rappaport, Boca Raton, Fla., for debtors.

Douglass E. Wendel, Trustee.

Daniel L. Bakst, West Palm Beach, Fla., for Trustee.

Adele Stroh, New York City, personal representative of the estate of Lillian Mushkin.

Russell E. Carlisle, Carlisle & Lecates, Ft. Lauderdale, Fla., for the estate of Lillian Mushkin, deceased.

Allen J. Littman, McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Ft. Lauderdale, Fla., for Edna Stoler.

## ORDER ON DEBTORS' MOTION TO AVOID LIEN

THOMAS C. BRITTON, Chief Judge.

The debtors' motion to avoid, under 11 U.S.C. § 522(f)(1), a judicial lien which impairs the exemption they have claimed for

their homestead was heard on December 16.

Section 522(f) permits a debtor to:

"avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ..., if such lien is (1) a judicial lien...."

The lien in question was imposed on June 9, 1986 by a Judgment of the State court for Palm Beach County as a constructive trust in the amount of $38,429 against the real property in question here and in favor of the personal representative of a decedent, Lillian Mushkin. As the Judgment reveals, the decedent advanced funds for the purchase with the debtors of a residence, the title to which was taken in the names of the debtors. The court found the decedent entitled to an undivided one-half interest in the residence. After the decedent's death, the debtors sold the residence without accounting to the decedent's estate. The court found that:

"Equity and good conscience require the return of one-half of the net proceeds of the sale of the residence to the Estate of Lillian Mushkin."

The entire proceeds of the sale were reinvested by the debtors in their present homestead property. The court imposed a constructive trust upon the homestead as an equitable lien in the amount of one-half the net proceeds of the sale of the house plus interest to the date of the Judgment.

There is no question that an equitable lien is "a judicial lien" and, therefore, within the scope of § 522(f)(1). A "judicial lien" is defined by § 101(30) to mean a lien:

"obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." *In re West,* 54 B.R. 855, 856 (Bankr.M.D.Fla.1985).

It is also the debtors' burden, however, to establish that this lien impairs "an exemption *to which the debtor would have been entitled* " but for the lien. (Emphasis added). The exemption is claimed under Florida law, Article X, § 4(a)(1), *Florida Constitution,* which exempts a homestead from forced sale:

"except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty."

The judgment creditor relies upon *In re West, supra,* where the equitable lien was imposed in a divorce action in which the marital home was awarded to the wife. The lien was imposed in favor of the mother-in-law for money contributed for the acquisition and improvement of the residence. In *West* Judge Proctor recognized that the equitable lien could be said to be an "obligation contracted for the purchase, improvement or repair" of the homestead, but concluded that it was not. He then relied upon Florida decisions which antedate the present constitutional provisions holding that the homestead exemption cannot be used "to perpetrate a fraud and create an unjust result" and, therefore, denied the debtor's motion to avoid the lien and held the lien to be enforceable.

As I see it, the facts before me differ from those before Judge Proctor in only one respect. In this case, a constructive trust was imposed before bankruptcy on the property in question. There is no indication that this was the case before Judge Proctor. The difference is significant in bankruptcy because, although exempt property is included in the debtor's estate subject to administration in this court, the:

"property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, *but not to the extent of any equitable interest in such property that the debtor does not hold."* (Emphasis added). § 541(d).

Therefore, the homestead condominium is before this court subject to the constructive trust imposed by the Judgment entered before bankruptcy.

This court may not, therefore, set apart as exempt or in any other manner diminish the property subject to the prepetition judicially imposed constructive trust.[1] I conclude, therefore, that § 522(f) is not applicable to the property subject to the constructive trust and, for that reason, the debtors' motion is denied.

Although I do not disagree with the conclusions reached by Judge Proctor, I think it more appropriate in this case that this court abstain in the interest of comity with the State court under 28 U.S.C. § 1334(c)(1) from deciding whether the homestead in this case includes the obligation owed to the decedent's estate by these debtors, whether the State court decisions relied upon by Judge Proctor remain applicable to the subsequently amended Constitution, and whether the facts and circumstances present here bring this case within the ambit of the rule announced in those cases. All of these issues, obviously, are controlled solely by State law. There is no compelling reason why they should not be decided by the State court.

---

1. The condominium was claimed exempt as a homestead when this case was filed. (C.P. No. 4). This court required: "Unless extended, objection to debtor's claim of exempt property must be filed within 30 days after the Section 341(a) meeting". The deadline had not expired when the instant motion was filed and was opposed by the judgment creditor. The issue thus presented and now before me constitutes a timely challenge of the claimed exemption.