In re Elizabeth A. TURETSKY, Debtor.

Joseph P. Kedzuf, Sr. Movant,

v.

Elizabeth A. Turetsky and Carlota M. Bohm, Trustee, Respondents.

No. 08–26412–MBM.

United States Bankruptcy Court, W.D. Pennsylvania.

April 2, 2009.

Paul M. Daniels, Paul M. Daniels and Associates, Pittsburgh, PA, for Debtor.

Carlota M. Bohm, Pittsburgh, PA, Trustee.

## MEMORANDUM AND ORDER OF COURT

M. BRUCE McCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **2nd day of April, 2009,** upon consideration of (a) the position advanced by Joseph P. Kedzuf, Sr. (hereafter "Kedzuf") that (i) he is entitled to be granted an equitable mortgage of $40,000 plus interest (such interest equalling $12,456.66 as of the bankruptcy petition filing date, for a grand total of $52,456.66 as of such date) on the½ share interest of Elizabeth Turetsky, the instant debtor (hereafter "the Debtor"), in her residence, and (ii) such equitable mortgage, if granted, cannot be avoided by Carlota Bohm, the instant Chapter 7 Trustee (hereafter "the Trustee"), pursuant to any provision in the Bankruptcy Code, and (b) the responses in opposition to such equitable mortgage position by the Debtor and the Trustee;

and in light of the March 19, 2009 Order of Court, which order (a) was entered by consent between the Debtor and the Trustee, (b) resolved the Trustee's Objection to, *inter alia,* the Debtor's exemption in her½ share interest in her residence, and (c) establishes the amount of exemption that the Debtor has taken in her ½ share interest in her residence of $21,125.00 (11 U.S.C. § 522(d)(1)—$20,200; 11 U.S.C. § 522(d)(5)—$925);

and upon consideration of (a) Kedzuf's objection to the Debtor's exemption in her ½ share interest in her residence, which objection appears to be predicated solely upon Kedzuf's position, in turn, that, if he is granted an equitable mortgage on the Debtor's ½ share interest in her residence, such equitable mortgage (i) would exhaust

all equity that the Debtor might have in her½ share interest in her residence, and (ii) cannot be avoided by the Debtor pursuant to 11 U.S.C. § 522(f)(1)(A) because, argues Kedzuf, such equitable mortgage would not constitute a judicial lien, and (b) the Debtor's response to such position by Kedzuf, whereby the Debtor contends that such equitable mortgage, if granted by the Court, would constitute a judicial lien that could potentially be avoided via § 522(f)(1)(A);

and after notice and a hearing on the matter, which hearing was held on March 19, 2009;

and given that the parties have informed the Court that they are presently unaware of the true value of the Debtor's residence;

it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

(a) **Kedzuf is entitled to, and thus is granted, an equitable mortgage** on the Debtor's½ share interest in her residence, which equitable mortgage is equal to $52,456.66 as of the bankruptcy petition filing date;

(b) **Kedzuf's equitable mortgage may not be avoided by the Trustee** pursuant to any provision in the Bankruptcy Code;

(c) **Kedzuf's equitable mortgage constitutes a judicial lien,** which means that such equitable mortgage may potentially be avoided by the Debtor pursuant to § 522(f)(1)(A) provided that it impairs her exemption in her ½ share interest in her residence;

(d) Kedzuf's objection to the Debtor's exemption in her½ share interest in her residence is, accordingly, **DENIED WITH PREJUDICE;** and

(e) the issue of whether Kedzuf's equitable mortgage will, in fact, be avoided, and if so, in what amount, **cannot presently be resolved** given that the Court presently lacks information as to the true value of the Debtor's residence—if the need arises for such avoidance in the future, then Debtor is directed at that time to file a lien avoidance motion pursuant to § 522(f).

The rationale for the Court's decision is briefly set forth below.

### I.

■ The Court grants the above equitable mortgage in favor of Kedzuf because, contrary to the position of the Debtor, she did agree to convey to Kedzuf a mortgage on her½ share interest in her residence, which conveyance of mortgage she then failed to follow through on. The Court finds as it does because (a) the Debtor willingly accepted a check from Kedzuf in the amount of $40,000, drawn by Kedzuf on his own personal checking account, which evidences that the Debtor intended to, and did, borrow $40,000 from Kedzuf, (b) the aforesaid personal check contained a notation that the loan by Kedzuf would be on the same terms that had been dictated by the state court that was presiding over the Debtor's divorce with her now ex-spouse, (c) such terms by such state court dictated that the Debtor convey a mortgage on her½ share interest in her residence in return for a loan of $40,000, and (d) the Debtor thus intended to convey to Kedzuf a mortgage on her½ share interest in her residence in return for Kedzuf's loan of $40,000.

### II.

■ The Court rules that Kedzuf's equitable mortgage may not be avoided by the Trustee pursuant to any provision in the Bankruptcy Code, namely 11 U.S.C. §§ 544 and 547, because

(a) the date of the equitable mortgage relates back in time to May 30, 2006, which date is the date of Kedzuf's

issuance of his personal check to the Debtor,

(b) Kedzuf obtained a *lis pendens* on November 21, 2006,

(c) the perfection of Kedzuf's equitable mortgage is deemed to relate back to the date of the *lis pendens,* or November 21, 2006,

(d) the interposition of the Debtor's bankruptcy—which occurred on September 28, 2008—between November 21, 2006, and the present time does not operate to nullify the aforesaid relation back of the perfection of Kedzuf's equitable mortgage to November 21, 2006,

(e) such pre-petition perfection of Kedzuf's equitable mortgage thus trumps, that is neutralizes, the Trustee's strong arm powers under § 544, and

(f) the transfer of Kedzuf's equitable mortgage to Kedzuf, which transfer thus occurred on November 21, 2006, occurred much more than 90 days— even much more than 1 year—prior to the Debtor's September 28, 2008 bankruptcy filing, which means that such transfer cannot be avoided as a preference under § 547.

*See Lewis v. Diethorn,* 893 F.2d 648 (3rd Cir.1990); *In re Medlin,* 229 B.R. 353 (Bankr.E.D.N.C.1998).

### III.

■ The Court rules that Kedzuf's equitable mortgage constitutes a judicial lien notwithstanding the existence of—and Kedzuf's reliance upon—a decision like *In re Gugenhan,* 55 B.R. 507 (Bankr.D.Kan. 1985), wherein it was held that an equitable mortgage does not constitute a judicial lien. The Court, in so ruling, could attempt—and perhaps successfully—to distinguish *Gugenhan* from the instant case, most likely on the basis that the equitable mortgage at issue in *Gugenhan,* on the one hand, was granted to address a mere technical defect (lack of acknowledgment) in a fully-executed mortgage whereas, on the other hand, in the instant matter a mortgage had not even been executed, let alone acknowledged. However, the Court instead chooses to reject outright the holding in *Gugenhan,* holding contrarily that an equitable mortgage—or any equitable lien, for that matter—constitutes a judicial lien, within the meaning of 11 U.S.C. § 101(36), because (a) it is necessarily obtained, ***at least in part,*** by way of a judgment (or legal or equitable process or proceeding), and (b) "judicial lien" under the Bankruptcy Code is not defined to mean a lien ***solely*** obtained by judgment, etc. *See In re Dudley,* 68 B.R. 426, 427 (Bankr. S.D.Fla.1986) ("There is no question that an equitable lien is 'a judicial lien' "). Kedzuf's equitable mortgage constitutes a perfect case in point for the foregoing rule of law—without this Court's instant decision granting to Kedzuf his equitable mortgage, such equitable mortgage would not even exist, which means that such equitable mortgage necessarily (a) was obtained, at least in part, by way of the instant judgment, and (b) thus constitutes a judicial lien under the Bankruptcy Code.